W. A. RUSHLIGHT; Raymond G. Rushlight; Betty Rushlight, and J. M. Sax, a Copartnership, Doing Business as W. A. Rushlight Company, Appellants,

v.

UNITED STATES of America, Appellee.

UNITED STATES of America, Appellant,

v.

W. A. RUSHLIGHT; Raymond G. Rushlight; Betty Rushlight, and J. M. Sax, a Copartnership, Doing Business as W. A. Rushlight Company, Appellees.

No. 15909.

United States Court of Appeals Ninth Circuit.

Sept. 29, 1958.

Suggestion for Rehearing En Banc Denied Nov. 12, 1958.

Hutchinson, Schwab & Burdick, Denton G. Burdick, Jr., Portland, Or., for appellants.

George Cochran Doub, Asst. Atty. Gen., James H. Prentice, Morton Hollander, Attys., Dept. of Justice, Washington D. C., C. E. Luckey, U. S. Atty., Victor E. Harr, Asst. U. S. Atty., Portland, Or., for appellee.

Before CHAMBERS, BARNES and HAMLEY, Circuit Judges.

PER CURIAM.

The Rushlight partnership made a substantial profit on its war contracts for the year 1942. The Secretary of War on December 18, 1945, acting under the provisions of the Renegotiation Act, [1] unilaterally determined the partnership to have made excessive profits for the year 1942 in the amount of $80,000. Upon taxpayer's petition for redetermination filed with the tax court, it reduced on

1. See 56 Stat. 245 et seq., 58 Stat. 78 et seq., 50 U.S.C.A.Appendix, § 1191, and 50 U.S. C.A.Appendix, § 1231(f).

September 5, 1956, the amount of excessive profits to $66,700.[2] From such a determination, there is no appeal. The act says so.

█ Suit was brought by the government in the U. S. District Court for the District of Oregon for the 1942 excess profits. After allowing credits not here material, the district court entered judgment against the Rushlights for $48,330.99 plus interest from September 5, 1956. The result was to deny a defense asserted by the defendants and to hold the determination of the tax court to be untouchable. The defendants appeal the district court's judgment and the government cross appeals on a question of interest.

No doubt if the district court's judgment is upheld the defendants have paid dearly for their business experience with the government. The situation pulls at one's sympathy, but we have determined it is not in our sphere, or the district court's sphere, to grant the relief we would like to grant. Therefore, the judgment must be affirmed.

The attempted defense was this: The Rushlights, according to their accountants, had the following experience with their renegotiable war business with the government:

> For the year 1942, $137,392.54, a net profit, the amount before renegotiation.
> For the year 1943, $133,875.88, a net profit.[3]
> For the year 1944, $154,352.19, a net loss.
> For the year 1945, $108,229.55, a net loss.
> In sum, for the four years, $8,686.-88, a net profit.

From the foregoing, it will be seen that the whole four year profit on war business was about $58,000 less than the amount the Rushlights have had charged against them for excessive profits for the one year 1942 alone. So the Rushlights claimed a right in the district court of equitable recoupment.

We are impressed with the stern validity of the government's position: That the Congress in providing for the redetermination of these renegotiation matters wanted them exclusively in the tax court. The district court's function was left as little more than an enforcement agency in the vicinage of the contractors.

Bass v. United States, 8 Cir., 221 F. 2d 494, certiorari denied 350 U.S. 827, 76 S.Ct. 56, 100 L.Ed. 738, is squarely in point. We think we must follow it. Our reading of Bull v. United States, 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421, and Stone v. White, 301 U.S. 532, 57 S.Ct. 851, 81 L.Ed. 1265 (which we think have been limited by such cases as Rothensies v. Electric Storage Battery Co., 329 U. S. 296, 67 S.Ct. 271, 91 L.Ed. 296) does not convince us that they go as far as the Rushlights would take us. Here the Renegotiation Act compartmentalized business by the year. It provided for no loss carry-overs or loss carry-backs on profits and losses on government contracts subject to renegotiation. Much as the plight of taxpayers appeals to us, we feel that we have no more authority to import such principles into contracts subject to renegotiation than we would have had to import loss and gain carry-overs and carry-backs into the income tax laws before the Congress put them there, or to extend such tax features in income tax cases out of a sense of fairness, beyond years now permitted by the Internal Revenue Code.

In these wartime statutes, many inequities occur. But most of them are beyond adjustment by us.

---

2. The original complaint by the government was filed November 26, 1946. However, the trial court held the case dormant until the redetermination of the liability was made by the tax court. Then the case became active again.

3. There is no indication that the Secretary of War ever renegotiated the 1943 profit. The act, of course, left the contractor with his losses.

■ The government cross appeals because it was denied interest from the partnership from the time the Secretary of War made his determination to the time the tax court made its determination, a period of over ten years. In our opinion the determination on interest, as made, was at least within the trial court's sound discretion, if not required on the facts of this case.

Judgment affirmed.

HAMLEY, Circuit Judge (concurring).

I concur, but do not wish to join in the expression of sympathy for appellants, or to indicate that I would like to grant the relief they seek. It may be that, if all the facts were known, they are deserving of sympathy. But the record before us does not, in my view, disclose sufficient information concerning the transactions on which money was lost to warrant an expression of our emotional inclinations. We do know that the contracts on which appellants lost money involved entirely different kinds of work. For all we know, appellants may have made unjustifiably low bids on work which they were not qualified to do, and that but for this the Government could have had the work done by other contractors at only a slightly higher price.