**P. S. SEYMOUR–HEATH, Appellant,**

v.

**UNITED STATES of America and George T. Goggin, Trustee in Bankruptcy, etc., Appellee.**

**No. 21624.**

United States Court of Appeals Ninth Circuit.

Nov. 5, 1968.

Morris Lavine (argued), Los Angeles, Cal., for appellant.

Edwin L. Miller, U. S. Atty., San Diego, Cal., Wm. M. Byrne, Jr., U. S. Atty., Craig, Weller & Laugharn, Los Angeles, Cal., Mitchell Rogovin, Asst. Atty. Gen., Robert Campbell (argued), Dept. of Justice, Washington, D. C., for the appellee.

Before BARNES, DUNIWAY and ELY, Circuit Judges.

PER CURIAM:

The above matter having been duly considered after oral argument, and an examination of the briefs on file, the judgment of the district court affirming

an order of a referee in bankruptcy holding that the United States Tax Court had exclusive jurisdiction to review any final order of the Renegotiation Board, is affirmed. Sec. 403(c) of the Renegotiation Act; 50 U.S.C. App. § 1191(e) (1). Rushlight v. United States, 259 F.2d 658, 659 (9th Cir. 1958), cert. denied, 359 U.S. 952, 79 S.Ct. 738, 3 L.Ed.2d 760 (1959); Bass v. United States, 221 F.2d 494 (8th Cir.), cert. denied, 350 U.S. 827, 76 S.Ct. 56, 100 L.Ed. 738.

The fact that bankruptcy intervened in the present case does not change our conclusion. United States v. Paddock, 178 F.2d 394 (5th Cir. 1949), id., 180 F.2d 121, 123 (5th Cir.), cert. denied, 340 U.S. 813, 71 S.Ct. 41, 95 L.Ed. 597 (1950).