ROTHENSIES, COLLECTOR OF INTERNAL REVENUE, *v.* ELECTRIC STORAGE BATTERY CO.

No. 48. Argued November 15, 18, 1946.—Decided December 16, 1946.

*Arnold Raum* argued the cause for petitioner. With him on the brief were *Solicitor General McGrath, Assistant Attorney General McGregor, Sewall Key, Helen R. Carloss* and *Lee A. Jackson.*

*Laurence H. Eldredge* argued the cause for respondent. With him on the brief were *Charles C. Norris, Jr.* and *William P. Cairo.*

MR. JUSTICE JACKSON delivered the opinion of the Court.

This case represents an effort, thus far successful, to obtain advantage by way of recoupment of a claim for tax refund long since barred by the statute of limitations. The

facts of this singular situation are not in dispute. From April 1919 to April 1926 the Electric Storage Battery Company paid excise taxes on the sale of storage batteries in the belief, shared by the Government, that such sales were subject to tax. In July of 1926 the company asserted otherwise and filed a refund claim. It asked refund only of that part of the taxes which it had paid between 1922 and 1926. Refund of the taxes paid earlier which the company now seeks to recoup was then barred by the statute of limitations and no claim ever has been filed for their refund and no action ever was begun for their recovery. Suit was brought, however, against the Collector for refund of the taxes paid after July 1922; judgment therefor was obtained in the District Court and affirmed by the Circuit Court of Appeals. The Government finally settled by refund of $1,395,515.35, of which $825,151.52 represented tax and the balance interest.

During the years that the refunded excise tax was being collected, the taxpayer deducted it from income before calculation of its income tax, thereby deriving substantial benefits. The Commissioner, therefore, treated the refund as income for 1935, the year in which it was received, and because of it assessed additional income and excess profits taxes which with interest thereon totaled $229,805.34. The taxpayer paid the deficiency, filed claim for refund, and after it was rejected sued the Collector. It contended that the refund from the Government was not income to the taxpayer but that if it were so considered taxpayer should be permitted, as against the additional tax caused by its inclusion, to recoup the amount of the barred excise taxes which it had paid between 1919 and 1922. Both courts below correctly held that the refund was properly assessed as income. *Cf. Security Flour Mills Co.* v. *Commissioner,* 321 U. S. 281; *Freihofer Baking Co.* v. *Commissioner,* 151 F. 2d 383. Both have

held, however, that the income tax liability for 1935 should be extinguished by recoupment of the 1919 to 1922 excise taxes. The gravity of this holding to the administration of the tax laws led us to grant certiorari. *Rothensies* v. *Electric Storage Battery Co.*, 327 U. S. 774.

It is not contended that there is any statutory warrant for allowing barred tax refund claims by way of recoupment or otherwise.[1] Authority for it is said to be found in case law and taxpayer relies chiefly on two decisions of this Court, *Bull* v. *United States*, 295 U. S. 247, and *Stone* v. *White*, 301 U. S. 532. The essence of the doctrine of recoupment is stated in the *Bull* case: "recoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded." 295 U. S. 247, 262. It has never been thought to allow one transaction to be offset against another, but only to permit a transaction which is made the subject of suit by a plaintiff to be examined in all its aspects, and judgment to be rendered that does justice in view of the one transaction as a whole.

The application of this general principle to concrete cases in both of the cited decisions is instructive as to the limited scope given to recoupment in tax litigation. In both cases a single transaction constituted the taxable event claimed upon and the one considered in recoupment.

---

[1] Indeed, the applicable provisions of the Revenue Act of 1928 seem to direct a result opposite to that asked by respondent. Section 608 provides that "A refund of any portion of an internal-revenue tax (or any interest, penalty, additional amount, or addition to such tax) made after the enactment of this Act, shall be considered erroneous— (a) if made after the expiration of the period of limitation for filing claim therefor, unless within such period claim was filed; . . ." Section 609 (b) provides, "A credit of an overpayment in respect of any tax shall be void if a refund of such overpayment would be considered erroneous under section 608." 45 Stat. 874, 875. And cf. *McEachern* v. *Rose*, 302 U. S. 56.

In both, the single transaction or taxable event had been subjected to two taxes on inconsistent legal theories, and what was mistakenly paid was recouped against what was correctly due. In *Bull* v. *United States,* the one taxable event was receipt by executors of a sum of money. An effort was made to tax it twice—once under the Income Tax Act as income to the estate after decedent's death and once under the Estate Tax Act as part of decedent's gross estate. This Court held that the amount of the tax collected on a wrong theory should be allowed in recoupment against an assessment under the correct theory.[2] In *Stone* v. *White,* likewise, both the claim and recoupment involved a single taxable event, which was receipt by an estate of income for a period. The trustees had paid the income tax on it but this Court held it was taxable to the beneficiary. Assessment against the beneficiary had meanwhile become barred. Then the trustees sued for a refund, which would inure to the beneficiary. The Court treated the transaction as a whole and allowed recoupment of the tax which the beneficiary should have paid against the tax the Government should not have collected from the trustees. Whatever may have been said indicating a broader scope to the doctrine of recoupment, these facts are the only ones in which it has been applied by this Court in tax cases.

The Government has argued that allowance of the claim of recoupment involved here would expand the holding in the *Bull* case. The Circuit Court of Appeals agreed that in the *Bull* case "the main claim and recoupment claim were more closely connected than they are here." *Electric Storage Battery Co.* v. *Rothensies,* 152 F. 2d 521, 524. But the court nevertheless allowed the claim because it

---

[2] But the Court emphasized that refund of the incorrect tax was not barred by the statute at the time the Government proceeded for collection of the correct tax.

considered that this Court had introduced the doctrine of recoupment into tax law and that it was "based on concepts of fairness." 152 F. 2d 521, 524. It said it saw no reason for narrowly construing the requirement that both claims originate in the same transaction. We think this misapprehends the limitations on the doctrine of recoupment as applied to tax law and it leads us to state more fully reasons for declining to expand the doctrine beyond the facts of the cited cases.

It probably would be all but intolerable, at least Congress has regarded it as ill-advised, to have an income tax system under which there never would come a day of final settlement and which required both the taxpayer and the Government to stand ready forever and a day to produce vouchers, prove events, establish values and recall details of all that goes into an income tax contest. Hence, a statute of limitation is an almost indispensable element of fairness as well as of practical administration of an income tax policy.

We have had recent occasion to point out the reason and the character of such limitation statutes. "Statutes of limitation, like the equitable doctrine of laches, in their conclusive effects are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them." *Order of Railroad Telegraphers* v. *Railway Express Agency*, 321 U. S. 342, 348–9. "They are by definition arbitrary, and their operation does not discriminate between the just and the unjust claim, or the voidable [avoidable] and unavoidable delay. They have come into

the law not through the judicial process but through legislation." *Chase Securities Corp.* v. *Donaldson,* 325 U. S. 304, 314.

As statutes of limitation are applied in the field of taxation, the taxpayer sometimes gets advantages and at other times the Government gets them. Both hardships to the taxpayers and losses to the revenues may be pointed out.[3] They tempt the equity-minded judge to seek for ways of relief in individual cases.

But if we should approve a doctrine of recoupment of the breadth here applied we would seriously undermine the statute of limitations in tax matters. In many, if not most, cases of asserted deficiency the items which occasion it relate to past years closed by statute, at least as closely as does the item involved here. *Cf. Hall* v. *United States,* 43 F. Supp. 130. The same is true of items which form the basis of refund claims. Every assessment of deficiency and each claim for refund ·would invite a search of the taxpayer's entire tax history for items to recoup. This case provides evidence of the extent to which this would go. When this suit was brought in 1943, the claim pleaded as a recoupment was for taxes collected over twenty years before and for over sixteen years barred by the statute.

---

[3] In *American Light & Traction Co.* v. *Harrison,* 142 F. 2d 639, the court did not allow recoupment to the Government. But, judiciously, it said, "Although here a hardship on the Government results from the taxpayer's inconsistency, the correlative provisions of this same statute will, in the converse of the instant situation, work an equal hardship on the taxpayer." 142 F. 2d 639, 643. Whether or not the statute, §§ 608 and 609 of the Revenue Act of 1928, be taken to compel the conclusion we reach in this case, the court's recognition that both parties to taxation are affected impartially, though perhaps harshly, by policy of repose has application here. It may easily be overlooked, when the unfairness of the Government's retaining incorrectly collected monies of respondent is stressed, that the statute of limitations is primarily an instrument of fairness.

That claims dead so long can be resurrected under this doctrine, is enough to show its menace to the statute of limitations—at least as to those taxpayers whose affairs by accident or design take such shape that they can avail themselves of recoupment remedies. Moreover, we have held that the Tax Court has no jurisdiction to consider recoupment. *Commissioner* v. *Gooch Milling & Elevator Co.,* 320 U. S. 418. Hence, the availability of the remedy would depend on diverting the litigation to the district courts.

We cannot approve such encroachments on the policy of the statute out of consideration for a taxpayer who for many years failed to file or prosecute its refund claim. If there are to be exceptions to the statute of limitations, it is for Congress rather than for the courts to create and limit them.

The judgment below is

*Reversed.*

MR. JUSTICE MURPHY is of the opinion, in which MR. JUSTICE BLACK and MR. JUSTICE RUTLEDGE join, that the judgment below should be affirmed. He believes that the claims for refund of the illegal assessments exacted from 1919 to 1922 arise out of the same subject matter as was involved in the Government's demand for additional taxes for 1935, thereby making applicable the rule of *Bull* v. *United States,* 295 U. S. 247.