**AMERICAN CEMENT CORPORATION,** Successor by merger to Hercules Cement Corporation, Plaintiff,

v.

**UNITED STATES of America,** Defendant.

**Civ. A. No. 35384.**

United States District Court
E. D. Pennsylvania.

Oct. 15, 1964.

Jerome Kurtz, Philadelphia, Pa., for plaintiff.

Drew J. T. O'Keefe, U. S. Atty., John B. Jones, Jr., Acting Asst. Atty. Gen., for defendant.

WOOD, District Judge.

This is an action wherein the plaintiff seeks recovery of income taxes for the years 1951, 1952 and 1953. The defendant has filed an Amended Answer in which it asserts the right to offset or recoup certain underpaid taxes for the year 1953.

The plaintiff has moved to strike the defense of recoupment because the Government is barred by the statute of limitations from *collecting* the alleged underpaid taxes for the year 1953.

American Cement Corporation (American) is suing to recover a tax refund in the name of Hercules Cement Corporation (Hercules). On December 31, 1957, three *independent* cement companies, Hercules, Riverside Cement Corporation (Riverside) and Peerless Cement Corporation (Peerless) merged. This

merger resulted in a new entity, namely, American.

Prior to the merger each of the three separate companies were engaged in *unrelated* tax controversies with the Government.

The Government argues that it has the right to *reduce* or *diminish* any 1953 recovery by American (as successor to Hercules) by the claimed 1953 underpayments of American's predecessor company Riverside, despite the fact that it is absolutely barred from assessing and collecting the alleged underpaid taxes. In essence it contends that although these companies operated independently they now have merged and any payment made will necessarily be received by the stockholders of a corporation which underpaid its taxes. It is claimed that such a result would be inequitable and equitable principles require that *all* aspects of a refund claim must be examined in order to see that justice is done.

We reject this contention for the following reasons:

"'Recoupment is in the nature of a defense arising out of some feature of the *transaction* upon which the plaintiff's action is grounded.' * * * *It has never been thought to allow one transaction to be offset against another*, but only to permit a transaction which is made the subject of suit by a plaintiff to be examined in all its aspects, and judgment to be rendered that does justice in view of the *one* transaction as a whole." (emphasis supplied) Rothensies v. Electric Storage Battery Co., 329 U.S. 296, 299, 67 S.Ct. 271, 272, 91 L.Ed. 296 (1946).

In this case the "one transaction" in issue is Hercules' right to a refund for 1953. Success or failure depends on how *Hercules* computed its taxes for the year 1953. Riverside's method of determining its tax liability for 1953 has absolutely no bearing on the "one transaction" sued upon.

Also, since collection of these 1953 underpaid taxes against American (Riverside) is barred by the statute of limitations, they may not be recouped in this proceeding to recover Hercules' overpaid taxes in 1953. Rothensies v. Electric Storage Battery Co., supra, pp. 299–303, 67 S.Ct. 271.[1]

"Although here a hardship on the Government results from the taxpayer's inconsistency, the correlative provisions of this same statute will, in the converse of the instant situation, work an equal hardship on the taxpayer." American Light & Traction Co. v. Harrison, 142 F.2d 639, 154 A.L.R. 1042 (7 Cir. 1944), noted with approval by the Supreme Court in Rothensies v. Electric Storage Battery Co., supra, p. 302, 67 S.Ct. 271.

## ORDER

And now, this 15th day of October, 1964, the plaintiff's motion to strike paragraphs 6 and 7 of the defendant's Amended Answer is granted.

---

1. In reaching this conclusion the Supreme Court specifically reversed the contrary holding by the Court of Appeals, see 152 F.2d 521 (3 Cir.1946).