James J. **BOYLE** et al.

v.

**UNITED STATES** of America, Appellant.

No. 16294.

United States Court of Appeals Third Circuit.

Argued May 2, 1967.

Decided July 25, 1967.

Jonathan S. Cohen, Atty., Dept. of Justice, Tax Div., Washington, D. C. (Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Melva M. Graney, Attys., Dept. of Justice, Washington, D. C., David M. Satz, Jr., U. S. Atty., Martin Tuman, Asst. U. S. Atty., on the brief), for appellant.

Joseph Keane, Milton, Keane & DeBona, Jersey City, N. J. (Richard B. Nashel, Newark, N. J., on the brief), for appellees.

Before KALODNER, HASTIE and SEITZ, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

This appeal brings the present case before this court for a second time. The first appeal was taken by the taxpayers from a district court order which denied a motion for summary judgment in their favor for a recovery of certain federal estate taxes or, in the alternative, for a refund of certain federal income taxes. 232 F.Supp. 543 (D.N.J.1964). Upon reversal of the district court's judgment and denial of the Government's petition

for rehearing this Court remanded the cause for further proceedings. 355 F.2d 233 (1965). Following a colloquy with counsel the district court entered a judgment in favor of taxpayers which granted them a full refund of the disputed income taxes paid plus interest. It is from this judgment that the Government takes the present appeal.

It is unnecessary here to recount much of the background summarized in the previously filed opinions. For present purposes a brief statement of pertinent facts is sufficient. Among other assets the estate of John F. Boyle, Jr. ("testator") contained 1,282 shares of cumulative preferred stock of the Hudson Dispatch Company ("Dispatch").[1] At testator's death dividend arrearages on this stock covered a period of 20½ years. An accountant hired by testator's executors computed the value of the Dispatch stock at par plus these accumulated dividends. The estate tax paid on the basis of this valuation was accepted by the Government. The Dispatch stock was then distributed to the taxpayers who under protest paid income taxes on the dividends when subsequently received. A claim for refund of estate taxes was rejected because barred by a three year statute of limitations. A claim for a refund of income taxes on the ground that the dividends constituted income in respect of a decedent was also rejected. However, this Court held that the taxpayers could pursue their rights to a refund of income taxes under the doctrine of equitable recoupment.

In its brief the Government indicates dissatisfaction with the application of the doctrine of equitable recoupment in the circumstances of this case. As the Government itself recognizes, however, the prior decision of this Court is the law of this case. Accordingly, we express no views on the subject. Our sole task is to determine whether the district court correctly carried out the mandate issued as a result of the former decision.

It appears from the colloquy on remand that the district court entered judgment on the basis of a computation made by the taxpayers. This computation involved a comparison of the estate tax paid on the dividend arrearages with the income taxes later paid on the receipt of the dividends themselves. As the income tax of $124,041.95 was slightly less than the estate tax payment the district court entered judgment in that amount with interest.

In this Court as in the lower court the Government argues that the income tax refund should be limited to any overpayment of the estate tax. In this connection the Government contends that under the principles of Lewis v. Reynolds, 284 U.S. 281, 52 S.Ct. 145, 76 L.Ed. 293 (1932), it should be able to reopen not only the valuation of the Dispatch stock but also the valuation of the operating assets of testator's wholly-owned company.

The taxpayers, in contrast, defend the lower court's judgment on the ground that it carried out the previous holding of this Court. The taxpayers view the prior opinion as holding that "the dividend arrearage, a definite fund, was not to be subjected to both income and estate tax exactions."

At the outset we note that Bull v. United States, 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421 (1935), was the case chiefly relied upon in the prior opinion of this Court. We therefore agree with taxpayers that *"Bull* constituted the lodestar to be followed in forming a judgment which would comply with this Court's mandate." In that case equitable recoupment was described as permitting a credit against the income tax in " * * * the amount of [taxpayer's] overpayment of estate tax * * *." 295 U.S. 247, 263, 55 S.Ct. at 701. In

---

1. This stock was one of the assets of testator's wholly-owned company which had purchased it from him in 1952. After testator's death in 1953 the company was liquidated and its assets including the Dispatch stock were turned over to his executors.

like manner the prior opinion in this case referred to taxpayers' " * * * right to obtain a refund for overpayment of estate taxes." 355 F.2d 283, 287.

While the Government is thus correct that the credit against present taxes must be based upon an actual overpayment of taxes in the past, it does not follow that the Government should be permitted to prove that the operating assets of the Boyle Company were undervalued. The *Bull* case notes that " * * * recoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded." 295 U.S. 247, 262, 55 S.Ct. 700. In Rothensies v. Electric Battery Co., 329 U.S. 296, 67 S.Ct. 271, 91 L.Ed. 296 (1946), the Supreme Court with reference to *Bull* and Stone v. White, 301 U.S. 532, 57 S.Ct. 851, 81 L.Ed. 1265 (1937), pointed out that "in both cases a single transaction constituted the taxable event claimed upon and the one considered in recoupment." 329 U.S. 296, 299, 67 S.Ct. 271, 272. The Court feared that absent such a restriction upon the doctrine of equitable recoupment "Every assessment of deficiency and each claim for refund would invite a search of the taxpayer's entire tax history for items to recoup." 329 U.S. 296, 302, 67 S.Ct. 271, 274. Nor do we read the earlier *Lewis* opinion as permitting the Government a wider latitude than taxpayers in these circumstances inasmuch as the Court in *Rothensies* made clear that both parties to taxation are affected impartially by the policy of repose. Since here the operating assets were not the subject matter of the Commissioner's presently contested income tax assessments neither the taxpayers nor the Government can now re-open the question of their proper valuation for estate tax purposes.

We do not agree with taxpayers, however, that the revaluation of the Dispatch preferred stock is foreclosed from review at this time. It is a valuation of this very stock which this Court in its first opinion stated had been improperly calculated: "In the Boyle audit the dividend arrearage by being added to the par value of the stock in effect became part of the corpus of the estate." 355 F.2d 233, 235. As the Government points out, if this Court had believed that for estate tax purposes the stock should have been valued at par there would have been no reason for remanding the cause to the district court for further proceedings. For this reason we are unable to agree with the district court that "the Court of Appeals, in directing the entry of judgment in favor of the appellant [taxpayers] and against the appellee [Government], considered the figures found by the Court below as for all purposes binding upon the parties; and * * * that the amount of the judgment which the Appellate Court directed should be entered for the plaintiff [taxpayers] is a simple matter of computation which may be reflected in an order for judgment without the taking of any further testimony."

Finally, with respect to the determination of the value of the Dispatch stock for estate tax purposes we disagree with the taxpayers that the former opinion must be read as precluding a consideration of the prospects for future payment of the dividend arrearages.[2] Rather we interpret the prior opinion of this Court as permitting recoupment only to the extent estate tax was paid on the apparent overvaluation of the stock. To this end the stock's fair market value in the estate must be determined, not simply by reference to liquidation value but by the

---

2. It appears from Regs. § 20.2031–2 that securities listed on a stock exchange are properly valued for estate tax purposes at their quoted prices even though one element reflected therein is the right to future dividends which are subject to income tax when received. Compare the situation in the *Bull* case where the Supreme Court emphasized that "the identical money—not a right to receive the amount, on the one hand, and actual receipt resulting from that right on the other,—was the basis of two assessments." 295 U.S. 247, 256, 55 S.Ct. 695, 698, 79 L.Ed. 1421.

application of the usual indicia of fair market value. See Regs. § 20.2031–2.

The judgment of the district court will be reversed and the cause remanded for further proceedings to determine the fair market value of the Dispatch stock as of the valuation date in accordance with the principles noted herein. If that value is found to be less than the value previously placed upon the stock for estate tax purposes ($338,448.00), judgment must be entered in favor of taxpayers in the amount of the estate tax payment attributable to the excess valuation. Otherwise judgment must be entered for the Government dismissing the taxpayers' action for a refund of income taxes.