**Esther MINSKOFF, Executrix of the Estate of Sam Minskoff, Deceased, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**No. 64 Civ. 3100.**

United States District Court, S. D. New York.

June 30, 1972.

Herman R. Perper, Spring Valley, N. Y., for plaintiff.

Whitney North Seymour, Jr., U. S. Atty. for the S. D. N. Y., New York City, for defendant; David P. Land and Michael I. Saltzman, Asst. U. S. Attys., of counsel.

LUMBARD, Circuit Judge: *

Esther Minskoff, the executrix of the estate of Sam Minskoff, brought this suit on October 9, 1964 for the recovery of certain income taxes assessed against Sam Minskoff's 1949 income and paid by the estate in 1961 and for the recovery of a portion of the estate tax paid on Sam Minskoff's estate in 1953 and 1955. The plaintiff alleged three causes of action, the first asserting an overvaluation of the gross estate because a certain item representing a capital gain has been erroneously included on the estate tax return, the second asserting that this same capital gain had not been income to Minskoff in 1949, although taxed in that year, and the third asserting that this capital gain could not be taxed both as income in 1949 and as estate corpus at the time of Sam Minskoff's death, December 26, 1950. On the Government's motion for summary judgment and the plaintiff's cross-motion, this court held that the first two causes of action were barred by the applicable statute of limitations, but, as material facts were in dispute on the third cause of action, a trial was necessary on this issue. Opinion of May 12, 1972. On petition for reconsideration, this court adhered to its earlier decision on the merits. Opinion of June 19, 1972. Trial was held on June 19 and 20,

1972. The court finds for the Government; the plaintiff cannot recover on her third cause of action.

The evidence at trial showed that Sam Minskoff owned 20% of the stock in 1 East 66th Street Corporation [hereinafter "the Corporation"], which had been organized as the corporate framework for a cooperative apartment building. See generally N.Y. Cooperative Corporation Law. In 1949 and 1950, the stock of the Corporation was sold to the tenant-owners of the building and the proceeds distributed to Sam Minskoff and his associates. At trial, plaintiff proved that these sales took place prior to Sam Minskoff's death and that prior to his death, Sam Minskoff had unrestricted use of the money from the sales.

On December 26, 1950, Sam Minskoff died. At that time, no income tax had been paid by him on the money received for sale of his 20% interest in the Corporation.

Sam Minskoff's gross estate was valued at $3,963,361. Of this amount $114,237 represented his 20% "partnership interest" in the Corporation.[1]

The estate was audited and an estate tax deficiency was levied on March 15, 1955. This assessment was paid on October 11, 1955. On March 29, 1957, the estate filed a claim for refund which was disallowed.

On December 12, 1960, the IRS assessed a $28,011 deficiency against Sam Minskoff's 1949 income on the ground that Minskoff's sale of his 20% in the Corporation in 1949 had resulted in a $112,046 capital gain. On September 26, 1961, the estate filed a claim purportedly for a refund of the 1949 income, but actually asking for an adjustment of the estate tax. The IRS allowed $14,084 reduction in estate taxes to offset the $69,616 additional income tax[2] which had been paid by the estate, but disallowed any further adjustment.

---

* Sitting by designation.

1. On audit of the estate, the Internal Revenue Service increased this valuation to $117,151.28. The change has no effect on the legal questions herein.

2. Assessed on income for 1949 and several other years.

This suit was then brought by the estate. The taxpayer's argument on the third cause of action is as follows: The taxpayer concedes that the proceeds from the sale of the Corporation's stock were distributed to Sam Minskoff prior to his death for his unrestricted use. The taxpayer alleges, however, that the estate tax return was erroneously prepared in that an incorrect amount was included to represent Sam Minskoff's 20% interest in the estate. Allegedly, this "asset" was valueless (or at least not as valuable as stated), since the proceeds from the sale of the stock had been distributed prior to Sam Minskoff's death, and the item was included on the estate tax return only because no report had been made of this capital gain on the income tax return. It is argued that once the Government taxed this money to the taxpayer in 1949 as income, it could not later be "equitably" taxed as part of the estate corpus and the taxpayer is entitled to recover so much of the estate tax as is attributable to the taxpayer's 20% interest in the Corporation. The court disagrees. The undisputed facts establish that Sam Minskoff received capital gain income prior to his death which was taxable both as income and as corpus. Accordingly, no refund is warranted.

Plaintiff's cause of action rests on the doctrine of equitable recoupment and the Supreme Court's decision in Bull v. United States, 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421 (1935). In *Bull*, the taxpayer, who was a member of a partnership which had no assets, died in the middle of a taxable year. As allowed by the partnership agreement, the estate elected to continue to receive the taxpayer's share of the partnership income for the full taxable year. Prior to his death, the taxpayer had earned approximately $24,000 from his share of the profits in the partnership; after his death, his estate received approximately $213,000 as his share of the profits. On his estate tax return, only the $24,000, which had been retained by the taxpayer, was included as asset; the Commis-

sioner, however, assessed a deficiency for $213,000, the post-death income. Subsequently an income tax return for the decedent taxpayer was filed which included neither the pre-death nor post-death income. Again the Commissioner assessed a deficiency on each of these items. The estate paid the deficiency, then sued for a refund.

The Court held that "the amount received from the partnership as profits earned prior to [the taxpayer's] death was income earned by him in his lifetime and taxable to him as such; and that it was also corpus of his estate and as such to be included in his gross estate for computation of estate tax." 295 U. S. at 254, 55 S.Ct. at 697.

As to the post-death income, however, the Court first held that it was not appropriately included as corpus. "Since the partners contributed no capital and owned no tangible property connected with the business, there is no justification for characterizing the right of a living partner to his share of the earnings as part of his capital; and if the right was not capital to him, it could not be such to the estate." 295 U.S. at 256, 55 S.Ct. at 698. After determining that the item of post-death profits should not have been included in the estate, the Court faced the further problem that the statute of limitations had run for claims of refund on the estate tax. To avoid this bar the Court held that, as the statute of limitations had not run on the income tax refund claim and as the taxpayer had had "no reason to assume the Commissioner would adjudge [the post-death profits both corpus and] income," 295 U.S. at 258, 55 S.Ct. at 699, the taxpayer could "equitably" assert the overpayment of an estate tax which should not have been paid, in a suit for income tax refund to keep the post-death profits from being "classified for taxation as income." 295 U.S. at 258 55 S.Ct. 695. If the Government sues in "a new proceeding arising out of the same transaction involved in the earlier proceeding," 295 U.S. at 261, 55 S.Ct. at 700, the taxpayer's "equitable" claim "may be used

by way of recoupment and credit . . . ." 295 U.S. at 261, 55 S.Ct. at 700, so long as the claim for refund on the first transaction [i. e., the estate tax] was available "when the government proceeded against [the taxpayer] for the collection of income tax." 295 U.S. at 263, 55 S.Ct. at 701. Later cases have affirmed this doctrine, see Rothensies v. Electric Storage Battery Co., 329 U.S. 296, 67 S.Ct. 271, 91 L.Ed. 296, (1946); Stone v. White, 301 U.S. 532, 57 S.Ct. 851, 81 L.Ed. 1265 (1937), although limiting it to instances in which the incorrect tax and the correct tax are closely related in that they arise out of the "same transaction," and also where the "refund of the incorrect tax was not barred by the statute at the time the Government proceeded for collection of the correct tax." Rothensies v. Electric Storage Battery, supra, 329 U.S., at 300 n. 2, 67 S.Ct. at 272.

■ Applying the doctrine of Bull v. United States to the instant case, it is apparent that the income Minskoff derived from the sale of the Corporation's shares was pre-death income. The plaintiff's own proof establishes that the sale of the Corporation's stock took place prior to Sam Minskoff's death. See Exhibits 1 and 2. There is no proof whatever that any money from the sale of the stock was received after December 26, 1950. Indeed the plaintiff concedes that Minskoff had the money and its unrestricted use before his death. Such gain could be appropriately taxed as income earned prior to death and then with appropriate setoff for income tax paid, as was here allowed, as part of the estate corpus. Indeed this is the Government's theory of the case.

The plaintiff alleges, however, that while the treatment would have been proper if the capital gain as reported on the estate tax return represented an actual asset, in fact the reported item did not represent an asset. Rather it was an "income transaction" necessary to be reported since the gain Sam Minskoff derived from the sale of Corporation stock had never been reported elsewhere. Consequently, it is argued, once the gain was taxed as income for 1949, it became "inequitable" to tax it again as part of the estate and the plaintiff is entitled to recover the "overpaid" estate tax.

■ The plaintiff is not entitled to recover. The theory of the doctrine of equitable recoupment is that one taxable event should not be taxed twice, once on a correct theory and once on an incorrect theory, see Rothensies v. Electric Storage Battery Co., supra, 329 U.S. at 300, 67 S.Ct. 271, and that to avoid this happening the statute of limitations will be deemed waived. The doctrine does not allow a litigant to prove any and all mistakes made by him in reporting his tax. Most mistakes must be corrected within the time allowed by the statute of limitations. To succeed in avoiding the statutory bar, the litigant must show that the opposing party seeks to treat the same item inconsistently as a matter of law. Here no such action has been taken by the Government. Pre-death income has been treated first as income, then as corpus. This result is allowed by the *Bull* case itself. Accordingly, the Government is entitled to judgment on the taxpayer's third cause of action.

■ If the court is incorrect in holding that the doctrine of equitable recoupment is available only when a litigant seeks to take advantage of inconsistent legal theories and, in fact, the doctrine is available to correct erroneous factual matters, still the plaintiff would not be entitled to recover.

Preliminarily, plaintiff has not satisfied the court that the item on the estate tax return actually represented only the capital gain taxed to Minskoff in 1949. While plaintiff's accountant testified this was the case, there are substantial indications in plaintiff's own proof that this account represented not the capital gain, but rather Sam Minskoff's

continuing interest in the Corporation. For example, plaintiff's exhibit 1 shows the net worth of the Corporation as of December 31, 1951 to be $141,749.82. Twenty percent of this would be approximately $28,000. And if the Corporation had any additional "going concern" value, Sam Minskoff's 20% interest would have been worth substantially more than $28,000.

■ Assuming, however, that the item on the estate tax return represented both Sam Minskoff's continuing interest in the Corporation and the capital gain, plaintiff neither proved nor offered to prove what value, if any, Sam Minskoff's 20% interest in the Corporation had at the time of his death. From the numerous papers in the case, there is some indication that the plaintiff valued this asset at approximately $57,000. In other papers and during the trial, it appears the plaintiff felt this asset had no value. It was plaintiff's burden to supply the court with this information. Even if the plaintiff was entitled to some recovery under the doctrine of equitable recoupment, the court would be unable to compute this. Plaintiff's failure of proof on this issue is sufficient of itself to deny her recovery. United States v. Rodiek, 120 F.2d 760, 762 (2d Cir. 1941), aff'd per curiam by an equally divided court, 315 U.S. 783, 62 S.Ct. 793, 86 L.Ed. 1190 (1942).

■ Another reason for denying plaintiff recovery on the theory of equitable recoupment is that, at the time of the income tax assessment, plaintiff had no timely and adequate estate tax refund claim outstanding nor could she have then brought one. As no valid estate tax refund claim was then available, neither is the doctrine of equitable recoupment. See Bull v. United States, supra, 295 U.S. at 263, 55 S.Ct. 695; Rothensies v. Electric Storage Battery Co., supra, 329 U.S. at 300 n. 2, 67 S.Ct. 271.[3]

■ Finally, we note that the error in computation on the estate tax, if there was one, arose, not as a result of the Government's action, but because the taxpayer had failed to report as income capital gain which, the court believes, clearly should have been reported. In such a situation, the equities do not lie with the taxpayer who has only been "hoist by his own petard." In the *Bull* case itself, the doctrine was only applied because the taxpayer had "no reason to assume the Commissioner would adjudge [the item both income and corpus]," 295 U.S. at 258, 55 S.Ct. at 699. There was here no reliance by the taxpayer on the Commissioner's determination; there was only an attempt to avoid taxes rather clearly due. The doctrine of equitable recoupment being in the nature of an equitable defense, it cannot be invoked by a party who lacks "clean hands."

The foregoing constitutes the findings of fact and conclusions of law as required by Rule 52(a), F.R.Civ.P.

3. One court has refused to follow this portion of the *Bull* opinion. Boyle v. United States, 355 F.2d 233, 238 (3rd Cir. 1966). But since the Supreme Court has specifically reaffirmed this aspect of the case, Rothensies v. Electric Storage Battery Co., supra, 329 U.S. at 300 n. 2, 67 S.Ct. 271, we have no doubt that it stands as the law of the land.