The issue before us, raised by the defendant’s motion for partial summary judgment dismissing a portion of the petition, is whether the doctrine of equitable recoupment permits the plaintiff to maintain tax refund claims that the statue of limitations otherwise would bar. We hold that the doctrine cannot be so used and therefore grant the defendant’s motion.
The facts pertinent to this motion may be simply stated. The plaintiff, a sole proprietorship, sold diesel and motor fuels. Under section 4041 of the Internal Revenue Code of 1954, sales of these fuels for use in highway vehicles was subject to an excise tax. The plaintiff also had a 50 percent interest in a partnership, which sold those fuels for highway use.
During the period involved in this motion, 1966-69, the plaintiff paid excise taxes on some sales he made to the partnership. Those taxes should not have been paid because the partnership purchased the fuel for resale, not for use in highway vehicles.
Long after the statute of limitations had run on plaintiffs excise tax payments, the plaintiff filed with the Internal Revenue Service claims for their refund. The Service denied those claims as untimely. Those claims are the subject of the present suit, filed in July 1980.
In August 1977, the Internal Revenue Service assessed against the partnership tax deficiencies, interest, and fraud penalties based upon the partnership’s failure to pay excise taxes upon fuel it sold for highway vehicle use. The partnership paid the assessed amounts and has filed a separate suit in this court for their recovery. See Gillespie & Ellard v. United States, Ct. Cl. No. 350-80T.
The plaintiff apparently concedes, as it must, that the statute of limitations bars its refund claims for the excise *817 taxes for 1966-69. It argues, however, that the doctrine of equitable recoupment permits it now to assert those claims. Its theory apparently is that because the partnership also paid excise taxes on the fuel when the partnership resold that fuel for use in highway vehicles, the plaintiff should have been permitted to recoup the excise taxes it paid on the fuel many years ago.
Equitable recoupment "is in the nature of a defense arising out of some feature of the transaction upon which the plaintiffs action is grounded.” Bull v. United States, 295 U.S. 247, 262 (1935), quoted with approval in Rothensies v. Electric Storage Battery Co., 329 U.S. 296, 299 (1946). The doctrine of equitable recoupment, however, can not be used "as an independent ground for reopening years now closed by the statute of limitations.” Arthur E. Evans Trust v. United States, 199 Ct. Cl. 98, 106, 462 F.2d 521, 526 (1972). See also Brigham v. United States, 200 Ct. Cl. 68, 81, 470 F.2d 571, 577 (1972), cert. denied, 414 U.S. 831 (1973).
The plaintiff is invoking the doctrine in exactly that way. The sole claim the plaintiff makes in this suit is that the excise taxes he paid for the years 1966-69 were improperly collected. The statute of limitations bars that claim.
The plaintiff is not attempting to offset a barred claim against a claim of the Government. Instead, it is using equitable recoupment to revive its own untimely affirmative claim. In Bull, supra, the Court stated that the "defense” of equitable recoupment "is never barred by the statute of limitations as long as the main action itself is timely.” 295 U.S. at 262. Here, the main, indeed, the only action — the plaintiffs refund suit — is untimely.
Perhaps the plaintiff is arguing that his claim for refund of his excise taxes should be recouped against the partnership’s excise tax liability. If so, then his claim founders upon another critical element of equitable recoupment. "[B]oth claims [must] originate in the same transaction.” Rothensies, supra, 329 U.S. at 301. See Wilmington Trust Co. v. United States, 221 Ct. Cl. 686, 610 F.2d 703 (1979).
The two claims upon which the plaintiff relies originated not in the same transaction but in different transactions. The plaintiff seeks a refund of excise taxes he paid upon the sales to the partnership. The partnership’s claim, however, *818 relates to excise taxes upon the partnership’s sales of fuel oil for use in highway vehicles. These were two different taxable events and their respective tax liabilities cannot be equitably recouped against each other.
The defendant also has moved for partial summary judgment with respect to other excise taxes covering the period 1967-69. Those were taxes for which the plaintiff filed timely refund claims and which the Government apparently conceded the plaintiff was entitled to recover. The Government states, however, that it credited the payments to other tax liabilities of the plaintiff. Plaintiff, in his response brief, states that these payments relate to amended excise tax returns and "are not the subject matter of this claim.” Consequently, there is no reason for us to resolve this issue.
The defendant’s motion for partial summary judgment with respect to the quarters ending March 31,1966 through December 31,1969, is granted, and the petition is dismissed with respect to those quarters. The case is remanded to the Trial Division for further proceedings respecting the remaining issues.