UNITED STATES of America,
Plaintiff,

v.

Stanley J. SZOPA, Sophie A. Szopa, Lisa Marie Szopa, First National Bank of Blue Island, Ryland Mortgage Corp., Dovenmuehl, Inc., and Ford City Bank and Trust Company, n/k/a Cole Taylor Trust Co. Defendants.

No. 97 C 4483.

United States District Court,
N.D. Illinois,
Eastern Division.

March 19, 1999.

Douglas W. Snoeyenbos, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC, for Plaintiff.

Stanley J. Szopa, Sophie A. Szopa, Tinley Park, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

The United States of America brought this action to reduce federal income tax assessments to judgment against Stanley J. Szopa and Sophie A. Szopa. The United States moves for summary judgment against the Szopas for a stipulated amount of unpaid federal income tax, interest, and statutory additions owed by the Szopas. The Szopas also move for summary judgment, arguing that their income tax liability should be offset by overpayments that were made in other years. For the following reasons, the United States' motion is granted, and the Szopas' motion is denied.

*Stipulation of Facts*

The parties have submitted a Stipulation of Facts [the "Stipulation"] in which they agree on the amount of federal income tax overpaid and underpaid by the Szopas from 1983 to 1986. Included in the Stipulation is the amount of interest and statutory additions owed by the Szopas as of August 31, 1998. As of that date, Mr. Szopa owes a total of $3,304.41 with respect to income tax liability for the year 1983; Ms. Szopa owes a total of $2,916.13 with respect to income tax liability for the year 1986. The Stipulation also states that although the Szopas did not have any liability for federal income tax in the year 1984, Ms. Szopa had $2,149.00 withheld from her wages. In addition, although the Szopas were liable for federal income tax in the amount of $1,702.74 in the year 1985, Ms. Szopa had $2,717.00 withheld from her wages. The United States now wishes to collect $6,220.54 from the Szopas for the years 1983 and 1986, and the Szopas wish to offset that amount by $3,163.26 for the taxes they overpaid in 1984 and 1985.

*Summary Judgment*

■ Both the United States and the Szopas refer to August 1998 as the date the Szopas filed tax returns for 1984 and 1985. A claim for a refund must be filed within three years from the date a return was filed, or two years from the time the tax was paid, whichever is later. 26 U.S.C. § 6511(a). The Szopas' current claim falls within the three-year time limitation. However, even if a claim is filed within three years of the date a return was filed, the amount of the credit or refund may not exceed the portion of the tax paid within the three years immediately preceding the filing of the claim, which in this case requires disallowance of the claimed refund. 26 U.S.C. § 6511(b)(2)(A).

■ The Szopas acknowledge the limitations set forth in § 6511, but argue that their overpayment should be credited to their tax liability under the doctrine of equitable recoupment. The doctrine of recoupment "is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded." *Bull v. United States,* 295 U.S. 247, 262, 55 S.Ct. 695, 79 L.Ed. 1421 (1935). In *Rothensies v. Electric Storage Battery Co.,* 329 U.S. 296, 67 S.Ct. 271, 91 L.Ed. 296 (1946), a taxpayer sued the government, and the lower courts agreed with the taxpayer that its liability for the year 1935 should be extinguished by recoupment of excise taxes in the years 1919 to 1922. *Id.* at 298–99, 67 S.Ct. 271. The Supreme Court disagreed. The Court limited earlier cases allowing recoupment to their specific situations, where "a single transaction constituted the taxable event claimed upon and the one considered in recoupment." *Id.* at 299, 67 S.Ct. 271. Equitable recoupment, the Court explained,

> has never been thought to allow one transaction to be offset against another, but only to permit a transaction which is made the subject of suit by a plaintiff to be examined in all its aspects, and judgment to be rendered that does justice in view of the one transaction as a whole. *Id.*

Otherwise, "[e]very assessment of deficiency and each claim for refund would invite a search of the taxpayer's entire tax history for items to recoup." *Id.* at 302, 67 S.Ct. 271.

■ The taxes at issue in the case at bar are income taxes for four separate years. The Szopas overpaid their income tax during the year 1984 and again during the year 1985, and did not pay enough income tax during the year 1983 and again during the year 1986. Nothing in the record supports an inference that, despite the fact that different tax years are involved, the same transaction is at issue. Therefore the Szopas cannot rely on the doctrine of equitable recoupment.

The Szopas additionally argue that an overpayment or credit was not authorized

by the IRS until the Stipulation of August 1998. According to the Szopas, they therefore have two years from August 1998 in which to collect their overpayments. In support of this argument, the Szopas cite to 26 U.S.C. § 6407, which provides that "[t]he date on which the Secretary first authorizes the scheduling of an overassessment in respect of any internal revenue tax shall be considered as the date of allowance of refund or credit in respect of such tax." In the Stipulation, however, the Szopas agree that the overpaid income tax was actually withheld from Ms. Szopa's wages during the years 1984 and 1985. The Stipulation states that the Szopas overpaid income tax during those years, not that the Szopas would receive a credit or refund. The evidence in the record simply does not support the allegation that the IRS authorized refunds for overpayments with respect to the years 1984 and 1985.

In the amended complaint, the United States requested a judgment against Mr. Szopa in the amount of $124,044.67 for 1983, $104,008.67 for 1984, and $53,617.04 for 1985, and against Mrs. Szopa in the amount of $4,907.54 for 1984, $5,849.43 for 1985, and $3,888.91 for 1986. The Szopas subsequently submitted evidence to the IRS showing that their tax liability was much less than the amount alleged in the amended complaint. The record in this case does not indicate why the United States wishes to collect the tax liability for 1983 and 1986 without crediting overpayments for the years in between. The statute of limitations is "primarily an instrument of fairness," and works at times to the benefit of the government and at times to the benefit of the taxpayer. *Rothensies*, 329 U.S. at 302 n. 3, 67 S.Ct. 271. The Supreme Court has held that courts may not equitably toll the statutory time limitations and related amount limitations for filing tax refund claims set forth in 26 U.S.C. § 6511. *United States v. Brockamp*, 519 U.S. 347, 117 S.Ct. 849, 136 L.Ed.2d 818 (1997).

Therefore the United States' motion for summary judgment is granted, and the Szopa's cross-motion for summary judgment is denied.

*Conclusion*

Summary judgment is entered in favor of the United States and against Stanley J. Szopa with respect to 1983 income taxes in the amount of $3,304.41, plus interest and other statutory additions pursuant to law accruing from August 31, 1998. Summary judgment is also entered in favor of the United States and against Sophie A. Szopa with respect to 1986 income taxes in the amount of $2,916.13, plus interest and other statutory additions pursuant to law accruing from August 31, 1998. The Szopas' cross-motion for summary judgment is denied.