T.C. Memo. 1999-335

UNITED STATES TAX COURT

MARK E. SCHROEDER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1486-98.                    Filed October 7, 1999.

Mark E. Schroeder, pro se.

<u>Rick V. Hosler</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, <u>Judge</u>:  Respondent determined deficiencies in petitioner's Federal income taxes of $9,161 for 1992, $10,588 for 1993, $9,426 for 1994, and $15,492 for 1995, and additions to tax of $1,095 for 1992, $912 for 1993, $584 for 1994, and $1,362 for 1995 under section 6651(a) for failure to file a timely income tax return.

Respondent concedes that petitioner overpaid Federal income taxes for 1992, 1993, 1994, and 1995, and that he is not liable for additions to tax under section 6651(a)(1) for 1992, 1993, 1994, and 1995.  After concessions, the issues for decision are:

1.  Whether petitioner's refunds of overpayments for 1992, 1993, 1994, and 1995 are barred by the statute of limitations under section 6511.  We hold that section 6511 bars petitioner's refunds for 1992, 1993, and 1994, but that petitioner is eligible for a refund of his 1995 overpayment.

2.  Whether petitioner is entitled to receive refunds of his overpayments for 1992, 1993, or 1994 under the doctrine of equitable recoupment.  We hold he is not.

3.  Whether respondent's levy on petitioner's individual retirement account in 1995 in the amount of $26,861 was a taxable distribution.  We hold that it was.

Section references are to the Internal Revenue Code in effect for the years in issue.  Rule references are to the Tax Court Rules of Practice and Procedure.

## I.  FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

A.  <u>Petitioner</u>

Petitioner lived in Arizona when he filed his petition in this case.

Petitioner worked for Fairchild Data Corp. (Fairchild) for about 12 years. Fairchild withheld from petitioner's wages Federal income taxes of $4,780 for 1992, $6,939 for 1993, and $7,089 for 1994. In July 1995, Fairchild laid off petitioner. Fairchild paid petitioner $36,119 in 1995, of which $4,671 was withheld for Federal income taxes. About $14,000 of the $36,119 was severance pay.

In 1995, petitioner had an individual retirement account (IRA) at Mellon Bank N.A., trustee for Fairchild Industries, Inc. Sometime in 1995, respondent served Mellon Bank or Fairchild with a notice of levy against the account, and Mellon Bank distributed $26,861 from the account to respondent. Of this amount, $5,372 was withheld for Federal income taxes. Mellon Bank reported to respondent that it had made a $26,861 taxable distribution from petitioner's IRA in 1995.

B. Petitioner's Federal Income Tax Returns for 1992-95 and the Notices of Deficiency

Petitioner did not file Federal income tax returns (Forms 1040) for 1992, 1993, 1994, and 1995.

Fairchild reported on an information return sent to respondent that it had paid petitioner taxable wages of $36,119 in 1995.

On October 24, 1997, respondent sent two notices of deficiency to petitioner: one for 1992, 1993, and 1994, and one for 1995. Respondent determined that petitioner's filing status

was single and allowed petitioner one exemption.  At a time not specified in the record, respondent conceded that petitioner was married and entitled to use joint tax rates for the years at issue and that petitioner had four dependent children and was entitled to claim four exemptions for them.

Petitioner had deficiencies in income taxes of $4,661 for 1992, $5,426 for 1993, $4,781 for 1994, and $6,529 for 1995. These deficiency amounts do not take into account prepayment credits of $4,780 for 1992, $6,939 for 1993, $7,089 for 1994, and $10,043 for 1995.

Petitioner made no income tax payments for 1992, 1993, 1994, or 1995 after he received the notices of deficiency.

## II.  OPINION

A.  <u>Whether Petitioner Is Entitled To Receive Refunds for Overpayment of Taxes for 1992, 1993, 1994, and 1995</u>

The Tax Court has jurisdiction to award to a taxpayer a refund of overpaid taxes if the Commissioner issued the notice of deficiency within the later of 2 years after the tax was paid or 3 years after the return was filed.  See secs. 6511(b)(2)(A) and (B), 6512(b)(3)(B); <u>Commissioner v. Lundy</u>, 516 U.S. 235, 241-242 (1996).  The 2-year period applies (and the 3-year period does not) if the taxpayer did not file his or her income tax return before the Commissioner issued a notice of deficiency for that year.  See secs. 6511(b)(2)(B), 6512(b)(3); <u>Commissioner v. Lundy</u>, <u>supra</u> at 243.  Petitioner did not file returns for the

years at issue.  Thus, we may award a refund of tax only for those amounts paid within the 2 years preceding the date respondent issued the notices of deficiency.

Respondent mailed the notices of deficiency on October 24, 1997.  We may order a refund of any overpayments petitioner made within the 2 years preceding October 24, 1997.  Petitioner's payments of taxes for 1992, 1993, and 1994 were made by Fairchild through withholding.  Withheld income taxes are deemed paid on April 15 of the year following the taxable year.  See sec. 6513(b)(1).  Thus, petitioner is deemed to have paid income tax for 1992 on April 15, 1993, for 1993 on April 15, 1994, and for 1994 on April 15, 1995, all of which dates are more than 2 years before October 24, 1997.  Thus, we lack jurisdiction to order a refund of petitioner's overpayments for those years. Commissioner v. Lundy, supra at 243.  However, petitioner paid or is deemed to have paid income tax for 1995 on April 15, 1996, which payment is less than 2 years before October 24, 1997. Petitioner is entitled to receive a refund of his overpayment of tax for 1995.

B.   Whether Equitable Recoupment Applies

Petitioner relies on Rothensies v. Electric Storage Battery Co., 329 U.S. 296 (1946), and Bull v. United States, 295 U.S. 247, 261 (1935), for the proposition that equitable recoupment

entitles petitioner to a refund of the excess withholding for 1992, 1993, and 1994.

We disagree. Equitable recoupment does not apply here. "[A] claim of equitable recoupment will lie only where the Government has taxed a single transaction, item, or taxable event under two inconsistent theories." United States v. Dalm, 494 U.S. 596, 605 n.5 (1990) (citing Rothensies v. Electric Storage Battery Co., supra). Here, respondent has not used inconsistent theories of taxation. Thus, equitable recoupment does not apply.

C.  Whether Petitioner Is Taxable on the IRA Distribution

A distribution from an IRA is generally includable in income by the recipient in the year in which the distribution is received. See sec. 408(d)(1); Aronson v. Commissioner, 98 T.C. 283, 287 (1992).

A distribution was made to respondent from petitioner's IRA in 1995. Petitioner contends that he is not taxable on the distribution because he did not receive the funds or benefit therefrom and because the distribution was involuntary. Petitioner also contends that respondent improperly levied his IRA because respondent caused the distribution from the account to be a lump-sum distribution and not a monthly annuity payment. We disagree. A taxpayer constructively receives an IRA distribution when his or her account is levied and is taxed on it even though the funds are paid to a third party. See Larotonda

v. Commissioner, 89 T.C. 287, 291 (1987); Vorwald v. Commissioner, T.C. Memo. 1997-15.  Once the Commissioner issues the notice of levy, the Commissioner "steps into the shoes of the taxpayer and acquires 'whatever' rights to the property the taxpayer had."  United States v. Bell Credit Union, 860 F.2d 365, 368 (10th Cir. 1988) (quoting United States v. National Bank of Commerce, 472 U.S. 713, 713 (1985)).

We sustain respondent's determination that petitioner constructively received, and must include in income, the $26,861 distribution from his IRA in 1995.

To reflect concessions and the foregoing,

Decision will be entered under Rule 155.