CALABRESI, Circuit Judge,
dissenting.
-The majority holds that where a tax assessment is abated by virtue of a clerical error, the statute of limitations for tax assessments does not apply to the Internal Revenue Service’s (“IRS’ ”s) “reinstatement” of the erroneously abated tax, see ante at 97-98. The majority, therefore, concludes that Debtor-Appellant Stuart Becker (“Becker”) may not rely on the statute of limitations to argue that the government’s “reinstatement” of his § 6672(a) liability was untimely. As a result, Becker is relegated to relying on equitable estoppel, see ante at 98. The majority then, understandably, determines that equitable estoppel does not apply on *102 the facts before us, and hence rejects Becker’s defense. See ante at 101. Because I disagree with the majority on the first of these conclusions, I respectfully dissent.
Under the Internal Revenue Code, 26 U.S.C. § 3101, et seq. (the “Tax Code” or “Code”), the IRS has three years from the date of the filing of a return to assess a tax deficiency against the taxpayer. See 26 U.S.C. § 6501(a). After that date, the IRS is barred from imposing a tax deficiency, absent certain statutory exceptions, not at issue here. See 26 U.S.C. § 6501(a) (indicating that “[ejxcept as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed .... ”); see also Bufferd v. Commissioner of Internal Revenue, 952 F.2d 675, 678 (2d Cir.1992) (“[T]he words of section 6501(a) [are] clear and unambiguous. Barring an exception, if the Commissioner wishes to assess a tax on an entity, he must do so within three years after the filing by that entity of the return on which the tax should have been reported.”)
The majority does not seem to contest that, under § 6501(a), the IRS would have been barred from first assessing the tax at issue in this case on April 18, 1991 (the date on which Becker’s liability was “reinstated”). And this bar would have existed even if the tax was not timely assessed because of a clerical error. Nor does the majority appear to dispute that some rein-statements of tax liability, following an abatement by the IRS, would be considered “assessments” subject to the three-year statute of limitations. For example, the majority seems to agree that — if Becker’s tax liability had been abated because the IRS substantively reevaluated his tax liability — the IRS’s attempted “reinstatement” of the tax would have been an “assessment,” barred by § 6501(a). See ante at 97. The majority apparently concludes, however, that in some other instances— including abatement by virtue of uncollect-ability, or by clerical error — the “reinstatement” of a tax does not count as an “assessment,” and thus is not subject to the aforementioned statute of limitations. See ante at 97-98,101.[1]
While this framework is consistent with the result reached in some of the cases that have addressed this issue, it bears no relationship to the structure or language of *103 the Tax Code. The Tax Code speaks in terms of the IRS’s[2] ability to “assess” and “abate” taxes, and the effect of such actions. See, e.g., 26 U.S.C. § 6201, et seq. (addressing “Assessment”); 26 U.S.C. § 6401, et seq. (addressing “Abatements, Credits [and] Refunds”). Nowhere does the Code provide for the reinstatement of a previously abated tax (as distinguished from the imposition of a new assessment to counter a previous abatement). And, necessarily, the Code gives no indication that any self-declared “reinstatement” does not constitute an “assessment” subject to the ordinarily applicable statute of limitations. Moreover, if there is no authority for imposing a tax on a taxpayer except through an assessment — and, as above noted, neither the Code itself nor the majority gives any hint of the possible source of such other authority-then, by its express terms, the relevant • statute of limitations must apply. It must apply, that is, unless an exception to the bar is provided for in the Code. See 26 U.S.C. § 6501(a) (stating that “[ejxcept as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within B years after the return was filed ....”) (emphasis added); cf. United States v. Dalm, 494 U.S. 596, 609 n. 6, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990) (rejecting the dissenters’ suggested means for avoiding the operation of the applicable statute of limitation, because it had no support in the Tax Code). But, neither the government, nor the majority, has pointed to any such statutory exception. I conclude that, in the Code as written, there is none, and that both text and context require that the statute of limitations govern.
The majority avoids addressing the problems that the plain language of the Code pose. It, instead, spends a good deal of time discussing why the usual policy reasons for the statute of limitations do not apply to the instant case. See ante at 97-98. This has, however, never been an acceptable legal justification for avoiding an otherwise applicable statute of limitations. See, e.g., Dalm, 494 U.S. at 616, 110 S.Ct. 1361 (Stevens, I., dissenting) (observing that “none of the policy reasons that normally support the application of a statute of limitations” were implicated, and decrying, on this and other grounds, the majority’s refusal to recognize an exception to the applicable statute of limitations); see also Carey v. Int’l Bhd. of Elec. Workers Local 363 Pension Plan, 201 F.3d 44, 47 (2d Cir.1999) (“[S]tatutes of limitation ‘are not to be disregarded by courts out of a vague sympathy for particular litigants.’ ”) (quoting Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 152, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (per curiam)).
To the contrary, the fact that policy — or equity — might support a different result in a particular case has regularly been rejected by the Supreme Court as a ground for deviating from an otherwise applicable statute of limitations. See, e.g., United States v, Brockamp, 519 U.S. 347, 348, 117 S.Ct. 849, 136 L.Ed.2d 818 (1997); Dalm, 494 U.S. at 598, 616, 110 S.Ct. 1361. And, the High Court has been particularly assiduous about avoiding erosion of the statutes of limitations created by Congress in the tax context, noting the importance of uniform rules to prevent uncertainty in *104 this highly complex and high-volume area of the law. See, e.g., Brockamp, 519 U.S. at 352-53, 117 S.Ct. 849.
Thus, although I agree entirely with the majority’s sentiments that both policy and equity in the instant case favor the government — Becker is hardly a model taxpayer, and he undoubtedly seeks to profit at the expense of the public from the government’s administrative errors-I cannot agree with its apparent conclusion that this fact can control our disposition of this case. Were it Becker who had made an error and failed to file a claim on time, no one would doubt that — however meritorious his claim, and however inapplicable the usual grounds for limitations statutes might be — he would be barred. And, no court would ignore plain statutory language to help him. See, e.g., Brockamp, 519 U.S. at 348, 117 S.Ct. 849 (rejecting the argument that equitable tolling applies to tax refund claims); see also Dalm, 494 U.S. at 598, 110 S.Ct. 1361 (significantly limiting the “equitable recoupment” doctrine).[3] Why should the government be treated differently from its citizens?
As the Supreme Court has observed, statutes of limitations “are by definition arbitrary, and their operation does not discriminate between the just and unjust claim, or the voidable and unavoidable delay.” Chase Securities Corp. v. Donaldson, 325 U.S. 304, 314, 65 S.Ct. 1137, 89 L.Ed. 1628 (1945). Because Debtor-Appellant Becker’s tax liability was not reassessed against him until after the expiration of the statute of limitations, it was extinguished. And, this is so, whether or not the extinguishment of the government’s claim appears “just” or “appropriate” to us. See, e.g., Rothensies v. Electric Storage Battery Co., 329 U.S. 296, 303, 67 S.Ct. 271, 91 L.Ed. 296 (1946) (in a tax case, observing that “[i]f there are to be exceptions to the statute of limitations, it is for Congress rather than the Courts to create and limit them”); see also Carey, 201 F.3d at 47 (noting that statutes of limitations should not be disregarded out of a sympathy for individual litigants).
The majority’s decision, moreover, itself creates serious policy problems, problems that are largely unaddressed in its opinion. While Debtor-Appellant Becker’s case may not tug at our heartstrings, it is not hard to imagine tax “reinstatements” following governmental administrative errors as to which good reasons for strict application of the statute of limitations are present.[4] In such cases, as a result of today’s unfortunate decision, taxpayers will not be able to claim the protections of the relevant statute of limitations, but will instead be limited to the meager safeguards provided by the equitable estoppel doctrine. And, at least in our circuit, equitable es-toppel only applies against the government *105 where, the government has engaged in affirmative misconduct. See City of New York v. Shalala, 34 F.3d 1161, 1168 (2d Cir.1994) (noting that “[w]e apply estoppel to the Government only in those limited cases where the party can establish both that the Government made a misrepresentation upon which the party reasonably and detrimentally relied and that the Government engaged in affirmative misconduct.”) (emphasis added).
It will, I fear, be the rare case in which a taxpayer will be able to prove that the government engaged in affirmative misconduct in reinstating an erroneously abated tax assessment. See generally Azizi v. Thornburgh, 908 F.2d 1130, 1136 (2d Cir.1990) (finding that the government’s negligent conduct did not provide a basis for estoppel). As a result, there will be many instances in which a taxpayer will be seriously and significantly prejudiced by the reinstatement of a tax, and yet in which equitable estoppel will not apply. I conclude that today’s decision may well lead to injustices that far surpass any unfairness that might result from the application of the statute of limitations in the case before us. Cf. Rothensies, 329 U.S. at 301-02 & n. 3, 67 S.Ct. 271 (emphasizing that — although both taxpayers and the government may, in individual cases, be affected harshly by them — tax statutes of limitations do serve “primarily [as] an instrument of fairness”).
Primarily because the majority’s opinion has no basis in the text or context of the relevant Code provisions, and also because I believe that in the long run today’s holding will do more harm than good, I respectfully dissent.

. The majority explicitly rejects the rationale that has been relied on by some courts that have declined to apply § 6501(a)’s statute of limitations against the government. (These courts have held that because the abatement of the tax was not authorized under the abatement statute, 26 U.S.C. § 6404, it never became effective. See Bugge v. United States, 99 F.3d 740, 745-46 (5th Cir.1996); United States of America v. Cook, No. Civ.A.02-CV-09475, 2004 WL 690804, at *10 (E.D.Pa. Mar.22, 2004); cf. Crompton-Richmond Co. v. United States, 311 F.Supp. 1184, 1187 (S.D.N.Y.1970) (reaching the same result as the majority, without clearly articulating a rationale)). See ante at 101 ("we need not go as far as the Bugge court did and say that an erroneous abatement has no legal effect .... ”). The majority’s rejection of this rationale is eminently sensible. For under this "ultra vires” rationale, the protections of the statute of limitations would essentially never apply to abatements (which, after all, are generally not retracted unless the IRS concludes that the tax did not fulfill the qualifications for abatement under 26 U.S.C. § 6404 in the first instance). See generally 26 U.S.C. § 6404(a) (indicating that a tax may be abated where it is: 1) "excessive in amount”; 2) “assessed after the expiration of the period of limitation properly applicable thereto”; or 3) "erroneously or illegally assessed.”).
Having rejected this "ultra vires” rationale, however, the majority seems either to lack any rationale for its holding, or to conclude implicitly that the reinstatement of Becker’s tax was not an assessment, subject to the § 6501(a) statute of limitations. See ante 97-98, 101. In this dissent, I shall assume the latter.

. Technically, the Code describes the authority of the Secretary of the Treasury to carry out certain tax-related activities. See, e.g., 26 U.S.C. § 6201(a) ("The Secretary is authorized and required to make ... assessments of all taxes ... imposed by this title ....”) (emphasis added). The Secretary, however, has delegated this authority to various decision-making officials within the IRS, see generally 26 C.F.R. § 301.7701-9, and so I refer to the authority as being that of the IRS.

. The lone equitable exception to the refund statute of limitations — the "equitable recoupment” doctrine — allows either the government or the taxpayer to offset monies previously paid in error, as to which the statute of limitations has run, against an amount currently owed for the same taxable transaction. See Dalm, 494 U.S. at 604-05, 110 S.Ct. 1361. The Supreme Court has strictly limited the equitable recoupment doctrine to the narrow circumstances in which it originated. See, e.g., id. at 611, 110 S.Ct. 1361; Rothensies v. Electric Storage Battery Co., 329 U.S. 296, 302, 67 S.Ct. 271, 91 L.Ed. 296 (1946).

. For example, a taxpayer who genuinely believed that a tax assessment had been correctly abated might — after the expiration of the assessment statute of limitations — take on significant new personal or professional financial obligations. Under the majority's opinion today, the IRS might reinstate a tax against such a taxpayer, after the expiration of the statute of limitations, even if years had elapsed prior to the government putting the taxpayer on notice of its error.