**WOOD  v.  UNITED STATES.**

United States District Court,
S. D. New York.
June 9, 1953.

Kelley, Drye, Newhall & Maginnes (John W. Drye, Jr., Hancock Griffin, Jr., of counsel), for plaintiff.

J. Edward Lumbard, U. S. Atty., for the Southern Dist. of New York (Henry L. Glenn, Asst. U. S. Atty., of counsel), for defendant.

LEIBELL, District Judge.

The facts in this case are stipulated in two stipulations of fact signed by the respective attorneys.

This is a companion case to the C. Marshall Wood case, C. Marshall Wood v. United States, D.C., 121 F.Supp. 764, on which I am filing my opinion today. The same type of security, American Telephone and Telegraph Company fifteen year three percent Convertible debenture bonds due September 1, 1956, is involved in this case, but in a smaller amount. The Commissioner followed the same course in this case of disallowing the deduction of the premium paid for the bonds, in calculating the taxpayer's 1944 income tax. As a result he collected an additional tax of $11,965.41. Likewise in determining this taxpayer's income tax for 1945 the Commissioner calculated her capital gain on the cost of the bonds, and since she had used cost minus premium as the base in computing her capital gain, the Commissioner found an overassessment for the year 1945 of $5,124.28. The taxpayer paid the additional assessment of $11,965.41 for 1944 with her own check. Apparently she later received from the defendant the $5,124.28 overassessment for 1945, pursuant to an Acceptance of Proposed Overassessment (Treasury Form 873), executed March 22, 1948.

What the taxpayer, Jean M. Wood, is seeking to recover in this case is the additional assessment of $11,965.41 for 1944 which she has paid in full. The credit of $5,124.28, from the overassessment of the 1945 tax, was not used as a credit to reduce any part of the sum for which she claims a refund in this action. In that respect this case differs from the C. Marshall Wood case.

On the decision of the United States Supreme Court in Commissioner of Internal Revenue v. Korell, 339 U.S. 619, 70 S.Ct. 905, 94 L.Ed. 1108, the plaintiff is entitled to a refund of the full amount she claims. The Government's claim for a recoupment of $5,124.28, as an additional tax for the year 1945, must be denied under the ruling in Rothensies v. Electric Storage Battery Co., 329 U.S. 296, 67 S.Ct. 271, 91 L.Ed. 296.

Plaintiff's motion for summary judgment is granted. Defendant's motion for a recoupment is denied. Settle an order accordingly.