**WOOD**

v.

**UNITED STATES (two cases).**

Nos. 224, 225, Dockets 23014, 23015.

United States Court of Appeals, Second Circuit.

Argued May 7, 1954.

Decided June 4, 1954.

J. Edward Lumbard, U. S. Atty. for the Southern Dist. of New York, New York City (Thomas C. Burke, New York City, of counsel), for United States of America.

Before CLARK, FRANK and MEDINA, Circuit Judges.

FRANK, Circuit Judge.

These appeals were argued together in this court. The facts are sufficiently stated in the opinions of Judge Leibell, reported in D.C., 121 F.Supp. 764, D.C., 121 F.Supp. 769. The government appealed in both cases. The plaintiff cross-appealed in the C. Marshall Wood case.

1. The Government's Appeals in Both Cases.

The gap in statutes of limitation created by the recoupment doctrine in tax cases seemed at one time to be fairly wide. But the gap has been narrowed markedly by McEachern v. Rose, 302 U. S. 56, 58 S.Ct. 84, 82 L.Ed. 46, and Rothensies v. Electric Storage Battery Co., 329 U.S. 296, 67 S.Ct. 271, 91 L.Ed. 296.[1] Frankly, we do not know just how much of that doctrine still lives. But we think it lacks all vitality unless there has occurred a "single taxable event." In the cases before us, we have two such events, *i. e.*, (a) the purchase of bonds in one taxable year and (b) their sale in another. Accordingly, we think the judge decided correctly, for the reasons he stated.

2. The Taxpayer's Cross-Appeal in the C. Marshall Wood Case.

In the Jean M. Wood case, the taxpayer paid the government, by her own check, $11,965.44, representing the additional assessment for the tax year 1944. The judge correctly held that she was entitled to a refund of that payment, and that the government had no right to

Kelley, Drye, Newhall & Maginnes (John W. Drye, Jr., Hancock Griffin, Jr., John J. Costello, New York City, and Hewitt A. Conway, New York City, of counsel), for C. Marshall Wood and Jean M. Wood.

1. In McEachern v. Rose, 302 U.S. 56, 58 S.Ct. 84, 82 L.Ed. 46, the Court relied on §§ 607 and 609(a) of the 1928 Act, §§ 3770(a)(2) and 3775(a) of the present Code. See references in the Electric Storage Battery case (329 U.S. at page 299 note 1, 67 S.Ct. at page 272) to McEachern v. Rose, and (329 U.S. at page 299 note 1 and page 302 note 3, 67 S.Ct. at pages 272 and 273) to §§ 608 and 609(b) of the 1928 Act, now 26 U.S.C. §§ 3774, 3775. See also Mintz and Plumb, Doctrine of Equitable Estoppel, Tax Institute, U. of So. Cal. (1954) 481, 504–506, 513–515; note their discussion, at 517ff, of the effect of § 3801 of the present Code.

an offset of $5,124.28 paid her by the government for an over-assessment for the tax year 1945.

■ We see no significant legal difference in the C. Marshall Wood case in the fact that the government used his credit of $7,393.73—representing the over-assessment of his tax for 1945—in reducing the amount of the assessed deficiency in his payment of his 1944 tax. As long as this deficiency stood unaltered, this sum had to be thus credited pursuant to I.R.C. § 322(a) (1).[2] Indeed, the government stipulated that the assessed deficiency for 1944 "was paid in part"* by application of the certificate of over-assessment for 1944 in the sum of $7,393.-73.[3] Accordingly, the credit was the legal equivalent of the payment made by the other taxpayer, Jean M. Wood, by her own check.

In the C. Marshall Wood case, affirmed on the government's appeal, and reversed on taxpayer's cross-appeal. In the Jean M. Wood case, affirmed.

See also 9 Cir., 213 F.2d 662.

**REPUBLIC PICTURES CORP. et al.**
**v.**
**ROGERS.**

No. 13314.

United States Court of Appeals,
Ninth Circuit.

June 4, 1954.

2. It reads as follows: "Where there has been an overpayment of any tax imposed by this chapter, the amount of such overpayment shall be credited against any income, war-profits, or excess-profits tax or installment thereof then due from the taxpayer, and any balance shall be refunded immediately to the taxpayer." 26 U.S.C. § 322(a) (1).

* 121 ˙F.Supp. 764.

3. Section 3772(e) provides: "The credit

———◆———

Loeb & Loeb, Frank B. Belcher, H. L. Gershon, Herman F. Selvin, Los Angeles, Cal., for appellants.

Gibson, Dunn & Crutcher, Frederic H. Sturdy, Richard H. Wolford, Henry F. Prince, Samuel O. Pruitt, Jr., Los Angeles, Cal., for appellee.

Before HEALY, BONE and POPE, Circuit Judges.

---

of an overpayment of any tax in satisfaction of any tax liability shall, for the purpose of any suit for refund of such tax liability so satisfied, be deemed to be a payment in respect of such tax liability". This section was not added to the Code until August 27, 1949, after the making of the credit and filing of the

claim for refund. The government argues that, since this section was not, by its terms, retroactive, it cannot apply to the instant case. As we think it unnecessary for purposes of decision here to invoke that added section, we do not consider this contention.