**Frances L. DALM, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**No. 88–1079.**

United States Court of Appeals, Sixth Circuit.

Argued Nov. 10, 1988.

Decided Feb. 8, 1989.

Paul T. Mengel (argued), West Bloomfield, Mich., for plaintiff-appellant.

Agnes Kemper–Cloyd, Asst. U.S. Atty., Grand Rapids, Mich., David S. Grossman, Trial Atty., Tax Div., U.S. Dept. of Justice, Robert A. Bernstein, Thomas R. Lamons (argued), Dept. of Justice, Gary R. Allen, William S. Rose, Jr., Chief, Appellate Section Tax Div., Dept. of Justice, Washington, D.C., for defendant-appellee.

Before NELSON and NORRIS, Circuit Judges; and LIVELY, Senior Circuit Judge.*

LIVELY, Senior Circuit Judge.

The doctrine of equitable recoupment holds that when a single transaction or taxable event has been subjected to two taxes on inconsistent legal theories, a taxpayer who meets certain requirements may recover a refund that would be barred otherwise by limitations. *Rothensies v. Electric Storage Battery Co.,* 329 U.S. 296, 299–300, 67 S.Ct. 271, 272–273, 91 L.Ed. 296 (1946). In the present case the district court granted the government's motions to dismiss the complaint and for summary judgment upon concluding that the taxpayer was not entitled to a refund of gift taxes by way of recoupment after the statute of limitations for a refund action had expired.

## I.

### A.

The historic facts are not in dispute. The taxpayer, Frances Dalm, was appointed administratrix of the estate of Harold Schrier in May 1975. The appointment was made at the request of the sole beneficiary of the estate, Clarence Schrier, brother of the decedent. The estate paid the taxpayer $30,000 in 1976 and $7,000 in 1977 as fees. These payments were approved by the probate court. In addition, Clarence Schrier transferred $180,000 to the taxpayer in 1976 and $133,813 in 1977. Clarence Schrier and his wife filed a gift tax return for 1976, showing the $180,000 payment as a gift to the taxpayer. The taxpayer paid the gift tax of $18,675 and interest and penalties of $1,587. No gift tax return was filed with respect to the 1977 transfer of $133,813.

The IRS audited the taxpayer's 1976 and 1977 income tax returns and mailed a notice of deficiency to her and her husband on June 21, 1983. The IRS determined that the two payments from Clarence Schrier were additional administrator's fees and asserted deficiencies of $96,045 in income tax and penalty for 1976 and $74,171 in income tax and penalty for 1977. The taxpayer challenged the deficiency in the Tax Court. She maintained that the two transfers, aggregating $313,813 and representing one-third of the net estate of Harold Schrier, were a gift from Clarence Schrier. The taxpayer had been an employee of Harold

*The Honorable Pierce Lively became a Senior Circuit Judge on January 1, 1989.

Schrier for many years prior to his death. The Tax Court petition stated that Clarence Schrier made the transfers in order to carry out his brother's intention that the taxpayer share in his estate.

### B.

After two days of trial the parties settled the Tax Court case for exactly one-half of the claimed deficiency without penalties. The stipulated decision, entered December 4, 1984, stated that there were deficiencies in income taxes due from the taxpayer in the amount of $10,416 for the taxable year 1976 and $70,639 for 1977. The taxpayer paid these deficiencies with interest and filed a claim for refund for $20,262, the amount of gift tax and penalty paid in December 1976 and March 1977. When the IRS failed to respond to the claim for refund within six months, the taxpayer filed the present action in district court on September 23, 1985.

In her complaint the taxpayer alleged that the Tax Court decision "determined that a portion of the money said gift tax was paid upon was taxable as income" and that it was inequitable for the government "to collect taxes on the same fund on the mutually exclusive theories of said amount of money being both income and a gift." She sought judgment for "overpaid gift taxes" in the amount of $20,262 with interest. After the government answered, the taxpayer filed a motion for summary judgment. The government then filed a cross-motion in the alternative to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6), or for summary judgment, relying specifically upon the three-year statute of limitations for filing claims for refund contained in Section 6511(a) of the Internal Revenue Code, 26 U.S.C. § 6511(a).

### C.

In granting the government's motions, the district court determined that the doctrine of recoupment does not permit a taxpayer to obtain a refund in an independent action after the statute of limitations for claiming a refund has expired. The court held that recoupment is "in the nature of a defense" that must be asserted in some action that has been timely commenced. As an alternative ground for dismissal, the district court found that the allocation of the settlement of the deficiency claim in the Tax Court could lead only to one conclusion—that the previously paid gift tax was taken into account in agreeing on the amount of income tax due. The court concluded that allocation of a small portion of the total agreed deficiency to the year in which the larger amount was received (1976) "was reflective of the tax already paid on that transfer, albeit a gift tax."

### II.

On appeal the taxpayer argues that the district court misconstrued the requirement that recoupment be in the nature of a defense and thus erroneously concluded that this was an untimely independent action. She contends that recoupment is not required to be claimed as an actual defense to an action against the taxpayer, but only must be presented in the nature of a defense to a tax illegally collected. She maintains that her action is not barred, because her claim for refund was filed within three years after the IRS claimed a deficiency on the basis of a theory that was inconsistent with her earlier payment of a gift tax on the 1976 transfer. Thus, she asserts, her claim for recoupment was "in the nature of a defense."

The taxpayer also argues that the district court erred in its alternative basis of dismissal. She states that the allocation of the settlement does not give rise to the single inference that the agreeing parties took into account the gift tax previously paid on the 1976 transfer. She contends it is an equally valid inference that the smaller amount was allocated to 1976 to "sweeten the pot" for the taxpayer by reducing the total interest due under the settlement. The taxpayer argues that on this state of the record summary judgment was improper.

The government responds that equitable recoupment is a doctrine of limited application, and that the taxpayer is not within its

reach. The government argues that the taxpayer in this case is attempting to use equitable recoupment offensively, rather than defensively. The government maintains that there are only two possible scenarios for the defensive presentation of a claim for recoupment. First, the "doctrine" may only support an independent action for refund of taxes when that action is not barred by the statute of limitations. Second, recoupment may accrue as an offset to the government's timely asserted deficiency determination. The government also argues that the plaintiff failed to demonstrate that she was subjected to double taxation on inconsistent theories, a condition precedent to the application of equitable recoupment. The proceedings in the Tax Court concerned income tax deficiencies for both 1976 and 1977. The taxpayer had paid a gift tax on the 1976 transfer only. It is clear, the government contends, that the allocation of the settlement satisfied the full income tax claimed for 1977, and took into account the previous payment of a gift tax for 1976.

## III.

There is no statutory basis for permitting the recovery of a tax overpayment after the statute of limitations has expired. However, the Supreme Court has permitted such recoveries in limited circumstances under the doctrine of equitable recoupment. The first such case was *Bull v. United States*, 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421 (1935). The taxpayer contends that *Bull* controls the present case and requires judgment in her favor. The government, on the other hand, relies on *Rothensies v. Electric Storage Battery Co.*, 329 U.S. 296, 67 S.Ct. 271, 91 L.Ed. 296 (1946), which narrowed the application of equitable recoupment in tax cases. See *Wood v. United States*, 213 F.2d 660, 661 (2d Cir.1954) ("The gap in statutes of limitation created by the recoupment doctrine in tax cases seemed at one time to be fairly wide. But the gap has been narrowed markedly by *McEachern v. Rose*, 302 U.S. 56 [58 S.Ct. 84, 82 L.Ed. 46 (1937) ] ... and *Rothensies v. Electric Storage Battery Co.*, 329 U.S. 296 [67 S.Ct. 271, 91 L.Ed. 296 (1946) ]").

## A.

In *Bull* the Supreme Court permitted a decedent's estate to recover estate taxes paid in 1921 in a district court action filed in 1930, following rejection of a claim for refund filed in 1928. The decedent was a member of a partnership when he died in February 1920. The executor included the decedent's share of partnership profits from January 1, 1920, to the date of death as an asset of the estate in the estate tax return. The IRS determined in 1921 that the decedent's share of profits for the remainder of 1920 was also an estate asset, and the executor paid additional estate taxes on that amount. However, in 1925 the IRS concluded, during an audit, that the decedent's share of partnership profit for the February–December 1920 period was income to the estate. In July 1925 the IRS made a deficiency determination of income tax for 1920 with no deduction for the estate taxes previously paid on the value of the decedent's partnership interest.

The estate petitioned the Board of Tax Appeals (BTA) for a redetermination in September 1925. After the BTA upheld the deficiency determination, the estate paid the additional income tax and filed a claim for refund in July 1928. When the claim for refund was rejected, the executor filed suit in the Court of Claims in September 1930. In reversing the Court of Claims' denial of the estate's claim the Supreme Court held that the sums received by the estate as the decedent's share of partnership profits after his death were income to the estate, not part of the corpus of the estate. It was error to treat these sums as both assets of the estate and income to the estate under inconsistent theories. When the IRS determined that the profits for February–December 1920 were part of the corpus of the estate in 1921, the executor "had no reason to assume the Commissioner would adjudge the [same sums] income and taxable as such." *Id.* 295 U.S. at 258, 55 S.Ct. at 699. When the IRS made this latter determination in July

1925 the executor promptly protested that the same item "could not be both corpus and income of the estate." *Id.* It was not until the BTA ruled in the government's favor in April 1928 that the government had taxed the same transaction twice, providing the basis for a recoupment claim. It was then too late to file a claim for refund of the overpayment of estate tax. However, the estate paid the additional income tax and filed a claim for refund, insisting that the sums should have been treated as estate assets rather than income.

In explaining the application of equitable recoupment, the Supreme Court noted that "the usual procedure for the recovery of debts is reversed in the field of taxation." *Id.* at 260, 55 S.Ct. at 700. An assessment has the force of a judgment and the burden of proof is shifted to the taxpayer even though the government is seeking to collect a debt and ordinarily would have the burden of proof. When the government began the new proceeding in July 1925 to collect income tax on the money previously taxed as part of the estate, the estate opposed full payment and demanded recoupment to the extent of the amount mistakenly collected as estate tax. Thus, although the estate had the burden of proof, since it was asserted in response to a deficiency determination, the recoupment claim was "in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action [was] grounded." *Id.* at 262, 55 S.Ct. at 700. By its action the government gave the estate a right to a credit or a refund. Although it could not assert this right in an independent action brought by it in 1930, the right had accrued and was available to the estate "since it was actionable and not barred in 1925 when the Government proceeded against [the estate] for the collection of income tax." *Id.* at 263, 55 S.Ct. at 701. "Such a defense is never barred by the statute of limitations so long as the main action itself is timely." *Id.* at 262, 55 S.Ct. at 700.

### B.

The facts in *Rothensies* were quite different from those in *Bull* and the present case. The taxpayer, Electric Storage Battery Co., paid excise taxes on sales of batteries from 1919 to 1926. After it was determined that the sales were not subject to excise taxes, the taxpayer filed suit and obtained refunds in 1935 for taxes paid in 1922–1926, the years that were not barred by the statute of limitations. The government then asserted an income tax deficiency for 1935 upon determining that the refunds were income when received. The taxpayer paid the additional income tax and filed suit for a refund. After first denying that the refunded excise taxes were income, the taxpayer asserted that if they were income it should be able, as against the additional income tax, to recoup the amount of excise taxes paid between 1919 and 1922.

In reversing judgment for the taxpayer, the Supreme Court limited the application of equitable recoupment in tax cases as follows:

> It has never been thought to allow one transaction to be offset against another, but only to permit a transaction which is made the subject of suit by a plaintiff to be examined in all its aspects, and judgment to be rendered that does justice in view of the one transaction as a whole.

*Rothensies*, 329 U.S. at 299, 67 S.Ct. at 272. The Court reviewed the facts in *Bull* and *Stone v. White*, 301 U.S. 532, 57 S.Ct. 851, 81 L.Ed. 1265 (1937), and concluded that those two decisions exemplified the very limited application of recoupment in tax cases. It emphasized that in both instances a single transaction or taxable event had been subjected to two taxes on inconsistent legal theories. This was not the case in *Rothensies*. There the excise taxes were paid on one series of transactions, the sale of batteries. On the other hand, the income taxes were based, not on the sale of batteries, but on the receipt of refunds of the previously paid excise taxes. These refunds were taxable as income in 1935 because the taxpayer had obtained income tax benefits by deducting the excise taxes from its gross income in the years of payment. In *Rothensies* the government did not tax the same transaction under two inconsistent legal theories. It taxes two

separate transactions under separate legal theories that applied to those transactions. *Rothensies* was not a case where the court was required to examine *a transaction* "in all its aspects" and render judgment "that does justice in view of the one transaction as a whole." 329 U.S. at 299, 67 S.Ct. at 272. Rather, the taxpayer sought to offset one transaction against another, a result that may not be obtained when refund on the basis of the earlier transaction is barred by the statute of limitations.

## IV.

■ Three criteria must be satisfied for application of equitable recoupment in a tax case. There must be (1) a single transaction or taxable event, (2) that event must be subjected to two taxes based on inconsistent legal theories, and (3) the amount claimed in recoupment must be barred by limitations while the government's deficiency claim must be timely. *Kolom v. United States,* 791 F.2d 762, 767 (9th Cir.1986); *cf. Rothensies,* 329 U.S. at 300, 67 S.Ct. at 272–273.

## A.

■ We believe these criteria are satisfied in the present case. There was only one transaction—the payment of $180,000 to the taxpayer in 1976. The taxpayer paid a gift tax on this transaction in 1976 and the IRS did not question this treatment until 1983. When the IRS made its move the taxpayer challenged the deficiency based on the determination of the IRS that the transfer represented income rather than a gift. This issue was not settled until the stipulated decision treated the transfer as income and required the payment of $10,416 as additional income tax for 1976. Just as the executor in *Bull* had no final determination upon which to seek a refund of estate tax until the BTA ruled that the partnership profits were taxable as income of the estate, Mrs. Dalm had no final determination upon which to seek a refund of gift tax in the present case until the stipulated decision settled the question by determining that the 1976 transfer of $180,000 was taxable as income. Only at

this point was the single transaction subjected to two taxes on inconsistent legal theories.

When Mrs. Dalm paid the additional 1976 income tax in 1984 she was in the same position as Bull's executor in 1928—she had paid two taxes on a single transaction or taxable event on mutually inconsistent legal theories. Although the taxpayer was the plaintiff in the refund action, her reliance on equitable recoupment was "in the nature of a defense." In addition, her refund action was not barred by the statute of limitations though filed more than three years after the gift taxes were paid. Her claim for recoupment related to the government's timely deficiency action and was timely as well for purposes of recoupment.

## B.

■ The district court concluded that the taxpayer was precluded from equitable recoupment because she sought it in "an independent lawsuit." The government seeks to support this holding by relying on *O'Brien v. United States,* 766 F.2d 1038 (7th Cir.1985). After discussing the Supreme Court's holdings in *Bull, Stone* and *Rothensies,* the *O'Brien* court described the limited application of recoupment in tax cases:

> In view of the nature and underlying theory of equitable recoupment, it is clear that the doctrine cannot be used "as an independent ground for reopening years now closed by the statute of limitations." *Evans Trust v. United States,* 462 F.2d 521, 526, 199 Ct.Cl. 98 (1972), and requires the timeliness of the underlying action against which a party seeks to employ recoupment. As the Supreme Court explained in *Bull,* invocation of the doctrine "is never barred by the statute of limitations *so long as the main action itself is timely.*" 295 U.S. at 262, 55 S.Ct. at 700 (emphasis added).

Attempts by taxpayers to utilize the doctrine to revive an untimely affirmative refund claim, as opposed to offset a timely government claim of deficiency

with a barred claim of the taxpayer, have been uniformly rejected.

*Id.* at 1049.

A careful examination of *O'Brien* reveals that the government has misconstrued the court's reference to "an independent ground" for reopening barred claims. The government reads this language to mean that a taxpayer may never rely on recoupment in a separate refund action brought after deficiency proceedings are concluded if such an action is barred by the statute of limitations. We construe the reference to "an independent ground" to mean that there must be a timely government claim of deficiency based on an inconsistent theory in order for a taxpayer to maintain an otherwise barred action for recoupment. The missing element in *O'Brien* was a timely claim for deficiency against which the claim for recoupment could be offset. The taxpayer had included a capital gain in his 1975 income tax return using as his cost basis the value of stock reported in his father's estate tax return in 1974. Sometime later the Tax Court entered a stipulated order setting the value per share of the inherited stock at a higher figure. The taxpayer then filed a claim for refund in April 1981, arguing that he had overpaid his income tax in the year of sale by using the lower value per share from the estate tax return in computing the capital gain. The government had never claimed a deficiency with respect to the taxpayer's 1975 income tax return, and it relied on the three-year statute of limitations as a bar to the refund action.

The district court granted a refund, but the court of appeals reversed. What made the taxpayer's action an attempt to use "an independent ground for reopening now closed tax years" was not the fact that limitations would otherwise have barred a refund action. Rather, it was the fact that the government had made no claim for additional taxes. O'Brien's action was truly an attempt to apply recoupment affirmatively in an independent action. The court stated:

> O'Brien's untimely refund suit in 1983 asserts recoupment affirmatively to re-

cover an erroneously paid tax and does not seek to offset the amount of a properly asserted and timely deficiency.[13]

---

[13] A recoupment claim need not be made during an action by the government for payment of a deficiency. It is proper for the taxpayer to pay the entire amount of the properly owed tax and later make a timely refund claim with regard to this properly owed tax raising the defense of equitable recoupment in respect of another time-barred overpayment. See, *e.g. Bull*, 295 U.S. at 253, 262–263, 55 S.Ct. at 697, 700–701.

*Id.* Note 13 makes it clear that Mrs. Dalm's action was not "independent" because of the fact that she waited until the deficiency action in the Tax Court was completed before filing an otherwise barred refund suit.

### C.

In other cases relied upon by the government recoupment was denied because one or more of the required elements was missing. In *United States v. Gulf Oil Corp.*, 485 F.2d 331 (3d Cir.1973), recoupment was denied because two taxes had not been collected on one taxable event on the basis of inconsistent legal theories. Instead, there was a single erroneous collection of a tax, and the taxpayer lost its right to a refund by permitting the statute of limitations to run. The same defect prevented recovery by way of recoupment in *Brigham v. United States*, 470 F.2d 571 (Cl.Ct. 1972), *cert. denied*, 414 U.S. 831, 94 S.Ct. 62, 38 L.Ed.2d 65 (1973). After the taxpayers had paid taxes at ordinary income tax rates on stock transactions, a change in the law provided a basis for treating the stock sales as capital gains. They sought refunds for barred years on the theory of recoupment. However, two taxes had not been paid or collected. There was simply an overpayment of taxes on a single transaction, and limitations had run. Recoupment does not permit a taxpayer who has paid only one tax to obtain a refund for barred years because a change in law or policy renders that payment erroneous. We have examined other Court of Claims cases cited by the government, and note that in each at least one element required for the application of recoupment was miss-

ing. See *Wilmington Trust Co. v. United States*, 610 F.2d 703, 221 Ct.Cl. 686 (Cl.Ct. 1979); *Evans Trust v. United States*, 462 F.2d 521, 199 Ct.Cl. 98 (Cl.Ct.1972).

\* \* \* \* \* \*

The district court erred in dismissing the taxpayer's recoupment claim on the ground that it was an independent lawsuit seeking a refund for a year for which the statute of limitations had run. *Rothensies* limited the application of recoupment in tax cases by making it clear that one transaction cannot be offset against another to circumvent the statute of limitations. However, *Rothensies* did not disturb the holding in *Bull* that when a single transaction is taxed twice under inconsistent legal theories and the government has collected the second tax in a timely action, the earlier tax can be offset against the later one in an action for refund. The present case, like *Kolom v. United States*, 791 F.2d 762 (9th Cir.1983), satisfies the requirements for application of the doctrine of equitable recoupment.

### V.

■ We believe it was error, also, to grant the government's motion for summary judgment on the alternative ground that the only plausible explanation for the allocation of the agreed income tax liability between 1976 and 1977 was that the allocation reflected the previously paid gift taxes on the 1976 transfer.

The stipulated decision decided only that there were deficiencies in income taxes for the taxable years 1976 and 1977, and allocated the agreed amount between the two years. The decision did not mention gift taxes. Attorneys who represented the taxpayer and the IRS in the Tax Court proceedings and in the district court filed declarations under oath. One attorney for the government stated that the taxpayer's attorney had proposed that any tax agreed to by the parties should be offset by the previously paid gift tax on the 1976 transfer, but that he had rejected this proposal. From this fact, the government lawyer argued in his memorandum that in settling "the plaintiff resolved all matters in issue with respect to her 1976 and 1977 income

tax liability, including the right to recoup the amount of any gift tax that had been paid." In his opposing affidavit the taxpayer's attorney stated that "specific agreement was reached that the settlement would be without prejudice to Petitioner's right to subsequently file a claim for refund for gift taxes inconsistently paid and it was understood that such a claim would be filed immediately thereafter."

The record clearly demonstrates that the taxpayer paid two different taxes on the 1976 transfer of $180,000. What is not clear is whether the agreement to an income tax deficiency of only $10,416 with respect to that transaction included a credit for the $20,262 gift tax previously paid. If it did include such an offset, the two payments were not based on inconsistent legal theories. If this was the case, the earlier payment, though made as a gift tax, was credited against the taxpayer's total 1976 income tax liability in the final settlement and could be treated as an income tax payment. This is the construction the district court put on the settlement. On the other hand, if the total income tax deficiency agreed to by the parties reflected no allowance for the previously paid gift tax and represented a complete settlement of income taxes for the two years without consideration of the prior gift tax payment, then the same transaction has been taxed twice under inconsistent legal theories.

The taxpayer must be given an opportunity upon remand to demonstrate that the income tax settlement was reached without consideration of the previously paid gift tax and that she was, in fact, subjected to two inconsistent taxes on the 1976 transfer from Clarence Schrier. Unless she can establish this fact she will have failed to satisfy a basic requirement for application of equitable recoupment. The record discloses a sharp dispute over the meaning and effect of the agreed disposition of the Tax Court case. Under these circumstances, the government was not, at the motion stage, "entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

The judgment of the district court is reversed, and the case is remanded for

further proceedings consistent with this opinion.