**Eldon FAIRLEY, Executor of the Estate of Julian R. Fairley, Deceased, and of Estate of Frances B. Fairley, Deceased, Appellee,**

v.

**UNITED STATES of America, Appellant.**

No. 89–1374.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 18, 1990.

Decided April 26, 1990.

Kenneth L. Greene, Washington, D.C., for appellant.

Janet Moore–Hart, Osceola, Ark., for appellee.

Before BOWMAN and WOLLMAN, Circuit Judges, and ROSS, Senior Circuit Judge.

BOWMAN, Circuit Judge.

The United States appeals from the District Court's order granting appellee's motion for summary judgment on his claim for equitable recoupment of federal tax payments. We reverse.

Eldon Fairley (taxpayer), plaintiff in the District Court, is executor of the estate of Julian Fairley (deceased April 30, 1981) and administrator of the estate of Julian's wife, Frances Fairley (deceased June 3, 1985). On February 2, 1982, taxpayer filed the federal estate tax return, form 706, for Julian's estate, paying $66,622.89 in estate taxes. Subsequently, the Internal Revenue Service (IRS) audited Julian and Frances Fairley's joint federal income tax returns for 1978, 1979, and 1980. The IRS determined income tax deficiencies, including interest, for those years as follows: $25,-723.36 for 1978; $38,459.96 for 1979; and $38,897.42 for 1980. On January 31, 1984, the estate sent the IRS a check for $103,-080.09 for payment of the income tax deficiencies and interest.[1] The IRS later assessed civil fraud penalties for all three years, and on April 30, 1984, the estate sent the IRS a check for $32,642.95 in payment of those penalties.

Not until August 12, 1985, did the taxpayer file an amended form 706, seeking a refund of $21,842, the estate tax paid on the amount of the income tax deficiencies.[2] On March 25, 1986, the IRS sent notice to the taxpayer that the claim was disallowed as untimely because more than three years had passed since the original form 706 was filed. The taxpayer should have filed the amended return no later than February 2, 1985, in order to preserve his claim. *See* 26 U.S.C. § 6511(a) (1982).

On August 11, 1986, the taxpayer filed a form 1040X (an amended federal income tax form) for the tax year 1978 only, seeking to recoup estate taxes, overpaid because of the additional income tax paid from the estate in 1984 for tax years 1978, 1979, and 1980, against the income tax deficiency for tax year 1978. When the IRS did not refund the tax, the taxpayer filed this suit on July 28, 1987.

The government conceded below "that equitable recoupment would apply to the extent a deduction attributable to Julian's estate's payment of the 1978 income tax deficiency would reduce its estate tax." Brief for Appellant at 4. The District Court, in granting taxpayer's motion for

---

1. On June 11, 1984, the IRS refunded to the estate $25,722.71, that portion of the payment attributable to the 1978 deficiency and interest, because the payment was sixty-five cents short. (Why the IRS would do that, instead of billing the estate for the deficit, seems to be a mystery to everyone.) By a check dated August 13, 1984, the estate paid the correct amount. However, because of the government's concession regard-

ing the 1978 deficiency, *see infra* at 693, January 31, 1984, is the relevant date of payment for purposes of this opinion.

2. The income taxes paid from Julian Fairley's estate were deductible from the gross estate and thus would have reduced the taxable estate and, consequently, the amount of estate tax owed the government. *See* 26 U.S.C. § 2053(a) (1982).

summary judgment, held that the estate also could recoup against the 1978 income tax deficiency payment the estate tax savings generated by the deductible 1979 and 1980 income tax deficiency payments. The only issue before us is whether equitable recoupment of estate taxes against the 1978 income taxes was proper for 1979 and 1980.

A lengthy analysis is unnecessary to our decision in view of the Supreme Court's recent opinion in *United States v. Dalm,* — U.S. ——, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990), *rev'g* 867 F.2d 305 (6th Cir. 1989). In that case, for the first time in some years, the Court spoke on the use of equitable recoupment in a tax case, and clarified the doctrine's application as an equitable remedy in cases such as the one before us.

In *Dalm,* the taxpayer was appointed administratrix of her deceased former employer's estate. In 1976 and 1977, decedent's brother gave her additional money from the estate (in addition to the payments approved by the probate court for services rendered to the estate) because the brother apparently wanted her to share in the estate for her long service as decedent's employee. Gift tax was paid in 1976 but not in 1977. Following an audit, the IRS determined that the additional payments from the estate were in fact income and assessed income tax deficiencies against Dalm. She petitioned the tax court for a redetermination, but failed to raise the issue of recoupment of gift tax paid. The parties agreed to a settlement, with Dalm paying a stipulated amount of income tax deficiencies, less than the IRS originally had assessed. Immediately after reaching the agreement, in November 1984, Dalm filed a claim for refund of the gift tax paid in 1976 and, when the IRS did not respond, she filed suit in district court for a refund. The Supreme Court reversed the court of appeals and agreed with the district court's holding of no jurisdiction.

As in *Dalm,* Fairley's complaint asserted federal court jurisdiction under 28 U.S.C. § 1346(a)(1) (1982), which permits civil suits against the government for recovery of taxes "erroneously or illegally assessed or collected." We must read this provision "in conformity with other statutory provisions which qualify a taxpayer's right to bring a refund suit upon compliance with certain conditions." *Dalm,* 110 S.Ct. at 1364. Section 7422(a) of the Internal Revenue Code precludes a lawsuit "until a claim for refund or credit has been duly filed with the Secretary, according to" the tax statutes and treasury regulations. 26 U.S.C. § 7422(a) (1982). "Claim for credit or refund of an overpayment of any tax ... shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid," whichever is later. 26 U.S.C. § 6511(a) (1982). "[U]nless a claim for refund of a tax has been filed within the time limits imposed by § 6511(a), a suit for refund, regardless of whether the tax is alleged to have been 'erroneously,' 'illegally,' or 'wrongfully collected,' §§ 1346(a)(1), 7422(a), may not be maintained in any court." *Dalm,* 110 S.Ct. at 1365. By this standard, Fairley's refund suit is without the statutory jurisdiction it asserts, since the estate tax form was filed and the tax was paid in February 1982 but the claim for refund was not filed until August 1985, more than three years later.

"[Equitable] recoupment is in the nature of a *defense* arising out of some feature of the transaction upon which the plaintiff's action is grounded. Such a defense is never barred by the statute of limitations so long as the main action itself is timely." *Bull v. United States,* 295 U.S. 247, 262, 55 S.Ct. 695, 700, 79 L.Ed. 1421 (1935) (emphasis added). Here, the "main action" *is* the suit for equitable recoupment. Equitable recoupment is an appropriate *defense* when the tax deficiency is "the subject of litigation between the estate and the Government," since, in tax litigation, the tax must be paid before its propriety can be determined in court. *Dalm,* 110 S.Ct. at 1366; *accord Bull,* 295 U.S. at 260, 55 S.Ct. at 699. "[A] party litigating a tax claim in a timely proceeding may, *in that proceeding,* seek recoupment of a related, and inconsistent, but now time-barred tax claim re-

lating to the same transaction." [3] *Dalm*, 110 S.Ct. at 1368 (emphasis added).

Here Fairley has invoked equitable recoupment in a separate suit for refund of estate tax, rather than as a defense to the government's assessment of an income tax deficiency. *See Dalm*, 110 S.Ct. at 1367 ("Here, Dalm does not seek to invoke equitable recoupment in determining her income tax liability.... She seeks to invoke equitable recoupment only in a separate action for refund of gift tax, an action for which there is no statutory authorization by reason of the bar of the limitations statute."). Equitable recoupment cannot "be the sole basis for jurisdiction." *Id*. at 1368.[4]

As the Supreme Court noted, a taxpayer who chooses not to challenge an alleged tax deficiency in district court is not without recourse. "[T]he Secretary, at the administrative level ... may consider an equitable recoupment claim for an earlier tax paid under an inconsistent theory on the same transaction." *Id*. at 1369 (citing Rev. Rul. 71–56, 1971–1 C.B. 405 ("[I]t would be proper for the taxpayer to claim in a proceeding before the Internal Revenue Service appropriate reduction in the deficiency, rather than be required to assert the claim of equitable recoupment in the Federal courts.")). Fairley, however, did not assert a claim for equitable recoupment in the administrative proceedings concerning the assessment of the income tax deficiencies. Having failed to do so, he now has sought to use equitable recoupment as a basis for claiming an estate tax refund that is time-barred. Under *Dalm*, this use of equitable recoupment must be rejected.

The District Court's grant of summary judgment in favor of appellee is vacated.

The case is remanded and the court is directed to enter judgment for the United States.

---

3. There is some debate between the parties whether the "single transaction or taxable event" requirement for equitable recoupment, see *Rothensies v. Electric Storage Battery Co.*, 329 U.S. 296, 300, 67 S.Ct. 271, 272, 91 L.Ed. 296 (1946), has been satisfied. Our holding makes it unnecessary for us to reach this issue.

4. This case is especially unsuitable for equitable relief since the limitations period afforded the taxpayer nearly a year within which to seek a refund of the amount of estate tax attributable to the 1979 and 1980 income tax deficiency

payments after paying those deficiencies (and over five months for the 1978 deficiency).

We also note that the "clean hands" doctrine conceivably could be called into play here since the only reason the estate tax was "erroneously" assessed initially was because Julian and Frances Fairley, according to the IRS, had defrauded the United States of income tax payments in 1978, 1979, and 1980, as the civil fraud penalties attest. *But see United States v. Bowcut*, 287 F.2d 654, 656–57 (9th Cir.1961).