113 T.C. No. 15


UNITED STATES TAX COURT


CROP ASSOCIATES - 1986, W. KEITH OEHLSCHLAGER, A PARTNER
OTHER THAN THE TAX MATTERS PARTNER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12532-90.              Filed September 14, 1999.


        The tax matters partner, intervenor, has moved to
file amendment to petition, which would add to the
petition the affirmative defense of equitable
recoupment.  R objects on various grounds.  We agree
with R that equitable recoupment is not a partnership
item and that granting the motion would suprise and
substantially disadvantage R.  The motion will be
denied.
        <u>Held</u>:  Equitable recoupment is not a partnership
item; <u>held</u>, <u>further</u>, R would be surprised and
substantially disadvantaged were we to grant the
motion.



<u>Steven R. Mather</u>, for intervenor.

<u>William H. Quealy</u> and <u>Alice M. Harbutte</u>, for respondent.

OPINION

HALPERN, Judge:

## I.  Introduction

This case involves a petition for the readjustment of certain partnership items reported on the 1986 tax return of Crop Associates-1986, a limited partnership with its principal place of business in Coachella, California (the partnership).  The petition was filed by a partner other than the tax matters partner.  Frederick H. Behrens is the tax matters partner, and, on June 28, 1999, we allowed Mr. Behrens to intervene in the case.  On July 14, 1999, Mr. Behrens (intervenor) moved for leave to file amendment to petition (the motion and the amendment, respectively).  The amendment would add to the petition the affirmative defense of equitable recoupment.  In support of that defense, the intervenor avers:

> a.  In 1986, the Partnership deducted a farming expense [which deduction respondent has disallowed].
>
> b.  In 1987, the Partnership reported as income an amount equal to the farming expense taken in 1986.
>
> c.  The [1986 farming expense] * * * and offsetting adjustment for 1987 arise out of a single transaction, i.e., a farming contract.
>
> d.  This single transaction is subject to two taxes based on inconsistent legal theories.
>
> e.  Respondent's position is that taxes paid for 1987 are statutorily barred from refund.

Rule 41 addresses amended and supplemental pleadings.[1] Under the circumstances here existing, Rule 41(a) provides that a party can amend his pleading only by (1) written consent of the adverse party or (2) leave of Court, and such leave shall be given freely when justice so requires. Respondent has not consented to the amendment and objects to the motion. Respondent objects to the motion on the grounds that (1) the Court generally lacks jurisdiction to consider the defense of equitable recoupment, (2) this is a partnership proceeding and, since equitable recoupment is not a partnership item, it is not an appropriate item for the Court to consider, and (3) granting the motion will cause a substantial disadvantage to respondent.

We assume, arguendo, that respondent's first objection lacks merit. See Estate of Branson v. Commissioner, 113 T.C. ___ (1999); Estate of Mueller v. Commissioner, 101 T.C. 551 (1993), affd. on other grounds 153 F.3d 302 (6th Cir. 1998). We agree, however, with his last two objections. Our reasons for agreeing with his last two objections are as follows.

II. Equitable Recoupment

To "recoup" is to get back the equivalent of something lost. The American Heritage Dictionary 1511 (3d ed. 1992). The

---

[1] Hereafter, unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

doctrine of equitable recoupment is a judicially created doctrine that precludes the unjust enrichment of a party to a lawsuit and avoids a wasteful multiplicity of litigation.  See Estate of Mueller v. Commissioner, supra at 551-552.  As applied for the benefit of a taxpayer, the doctrine provides that, in some cases, a claim for a refund of taxes barred by a statute of limitations may, nevertheless, be recouped against a tax claim of the Government.  See Bull v. United States, 295 U.S. 247, 258-263 (1935).  Equitable recoupment is in the nature of a defense arising out of some feature of the transaction upon which the claim for taxes is grounded.  See id. at 262.  The doctrine is applied only where a single transaction constitutes the taxable event claimed upon and the one considered in recoupment.  See Rothensies v. Electric Storage Battery Co., 329 U.S. 296, 299-300 (1946).

Recently, we listed the elements necessary to sustain the defense of equitable recoupment:

> A claim of equitable recoupment requires: (1) That the refund or deficiency for which recoupment is sought by way of offset be barred by time; (2) that the time-barred offset arise out of the same transaction, item, or taxable event as the overpayment or deficiency before the Court; (3) that the transaction, item, or taxable event have been inconsistently subjected to two taxes; and (4) that if the subject transaction, item, or taxable event involves two or more taxpayers, there be sufficient identity of interest between the taxpayers subject to the two taxes so that the taxpayers should be treated as one.
> * * *

Estate of Branson v. Commissioner, supra at ___ (slip op. at 15).

III.  Analysis

A. <u>Appropriateness to Partnership Proceeding</u>

1. <u>Principal Provisions of the Code</u>

This case was commenced under the provisions of subchapter C (sections 6221 through 6234), chapter 63, subtitle F of the Internal Revenue Code (subchapter C). Section 6221 provides: "Except as otherwise provided in this subchapter, the tax treatment of any partnership item shall be determined at the partnership level." The term "partnership item" is defined in section 6231(a)(3):

> The term "partnership item" means, with respect to a partnership, any item required to be taken into account for the partnership's taxable year under any provision of subtitle A to the extent regulations prescribed by the Secretary provide that, for purposes of this subtitle, such item is more appropriately determined at the partnership level than at the partner level.

Section 6226(f) delineates our jurisdiction to determine partnership items:

> A court with which a petition is filed in accordance with this section shall have jurisdiction to determine all partnership items of the partnership for the partnership taxable year to which the notice of final partnership administrative adjustment relates and the proper allocation of such items among the partners.

A "computational adjustment" (computational adjustment) is the change in the tax liability of a partner that properly reflects the treatment under subchapter C of a partnership item. Sec. 6231(a)(6). Generally, the deficiency procedures set forth in subchapter B, chapter 63, subtitle F of the Internal Revenue Code (the deficiency procedures) do not apply to the assessment and collection of any computational adjustment. See sec. 6230(a)(1).

The term "affected item" means "any item to the extent such item is affected by a partnership item." Sec. 6231(a)(5). If a change in a partner's tax liability with respect to an affected item requires a partner-level determination, then, to that extent (and to that extent only), it is a computational adjustment subject to the deficiency procedures. See sec. 6230(a)(2)(A)(i); sec. 301.6231(a)(6)-1T(a), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6790-6791 (Mar. 5, 1987).

### 2. Partnership Items

A partnership, as such, is not subject to the income tax; rather, persons carrying on business as partners are liable for income tax in their separate or individual capacities. See sec. 701. Nevertheless, subchapter C describes a set of procedures whereby the tax treatment of items of partnership income, loss, deductions, and credits are determined at the partnership level in a unified proceeding rather than in separate proceedings with the partners. Our role in that unified proceeding is limited by section 6226(f) to the determination (and allocation) of partnership items. We have no authority under section 6226(f) to determine anything else, not any affected item, and not the tax liability of any partner.

As discussed supra in section II, equitable recoupment is in the nature of a defense to a claim for payment. If, following this proceeding, respondent does make a claim for payment, it will be from the partners of the partnership (the partners), following an assessment of a tax liability resulting from a

computational adjustment.  See sec. 301.6231(a)(6)-1T, Temporary Proced. & Admin. Regs. (discussing computational adjustments, including when the deficiency procedures apply), 52 Fed. Reg. 6790-6791 (Mar. 5, 1987).  Section 301.6231(a)(3)-1, Proced. & Admin. Regs., implements section 6231(a)(3) by providing a list of partnership items.  Equitable recoupment is not among the items on that list, and, therefore, it is not a partnership item. For a defense of equitable recoupment to succeed, however, the partners will have to establish certain partnership items.  Each partner will also have to prove that he or she has made a time-barred overpayment of tax, and that is <u>not</u> a partnership item. See sec. 301.6231(a)(3)-1, Proced. & Admin. Regs. Notwithstanding our limited jurisdiction under section 6226(f), we may consider affirmative defenses in connection with the determination of partnership items.  See Rule 39; <u>Columbia Bldg. Ltd. v. Commissioner</u>, 98 T.C. 607, 611  (1992) (considering affirmative defense of statute of limitations in a section 6226 partnership case on the same basis as in a deficiency case); <u>Amesbury Apartments, Ltd. v Commissioner</u>, 95 T.C. 227, 241 (1990) (considering affirmative defense of statute of limitations in section 6226 partnership case).  Nevertheless, since certain partner-level determinations are necessary elements to the defense of equitable recoupment, consideration of that defense in this proceeding seems inconsistent with our limited jurisdiction under section 6226(f).  In light of respondent's position, discussed in the next section of this report, that equitable

recoupment is an affected item, we need not further discuss that point.

### 3. The Partners' Remedies

Intervenor argues that, unless we conclude that equitable recoupment is a partnership item, the partners will be barred from defending against any computational adjustment on account of subsections (a)(1) and (c)(1) and (4) of section 6230, which, according to intervenor, (1) render the deficiency procedures inapplicable to computational adjustments except in the case of a deficiency attributable to affected items requiring partner-level determinations and (2) restrict refund suits to claims arising out of erroneous computations and the like.

In respondent's memorandum in support of his objection to the motion, respondent states: "The defense of equitable recoupment is an affected item requiring determinations at the individual partner level." With respect to the facts of this case, respondent states in his objection:

> Any defense of equitable recoupment requires an inquiry at the individual partner level to determine whether there is a deficiency in income tax with respect to an individual partners [sic] that would result (by means of computational adjustment) from the Court's determination at the partnership level the [sic] for the year at issue and if so, whether there is any amount to be recouped in a subsequent year.

In Powell v. Commissioner, T.C. Memo. 1997-560, the taxpayers petitioned the Court in response to the Commissioner's notices determining deficiencies attributable to certain affected items (the affected items were additions to tax). Previously, the Commissioner had made computational adjustments, which had

given rise to deficiencies in tax (and additional interest under section 6621(c)) that had been assessed against the taxpayers. In addition to assigning error to the Commissioner's determination of the affected items, the taxpayers assigned error to the Commissioner's prior assessments and to the deficiencies that gave rise to those assessments. Among other errors assigned by the taxpayers was the Commissioner's failure to allow equitable recoupment in determining the deficiencies previously assessed. The Commissioner moved to dismiss with respect to the claim for equitable recoupment on the ground that we lacked jurisdiction to redetermine the taxpayers' tax for the years in issue "to the extent that the amounts assessed * * * are attributable to the proper reporting of partnership items." As the Court noted, the taxpayers had conceded: "we do not have jurisdiction over the computational assessments in this proceeding". We concluded: "Accordingly, the doctrine of equitable recoupment does not apply."

In this proceeding under section 6226, it is not appropriate for us to determine whether the defense of equitable recoupment is an affected item requiring partner-level determinations. We can consider whether in fact the defense of equitable recoupment is an affected item requiring partner-level determinations if and when a computational adjustment is made, a notice of deficiency is issued, and a proper petition is filed. Cf. Carmel v. Commissioner, 98 T.C. 265 (1992).

### 4. Conclusion

Since the amendment would add to the petition the defense of equitable recoupment, which is not appropriate to this proceeding, that is a sufficient ground on which to deny the motion.

### B. Substantial Disadvantage

#### 1. Introduction

Although respondent's second objection describes a sufficient ground to deny the motion, we proceed to consider respondent's third objection, since it provides an independent and equally persuasive reason to deny the motion.

Respondent argues that, even if equitable recoupment is a partnership item or is otherwise appropriate for consideration in this proceeding, the motion should be denied because of the substantial disadvantage that respondent would be put under on account of the amendment. Respondent points out that the petition was filed over 9 years ago and the case is scheduled for trial at a special session of the Court to commence on October 4, 1999. The motion was made on July 14, 1999. Respondent claims: "The facts surrounding the items on this return will be difficult, at best, to determine. As a result of the tax matters partner's long delay in waiting to raise the issue, respondent is unduly prejudiced." Intervenor responds that there is no prejudice to respondent "because all of the relevant facts

pertaining to the partnership item determinations have been known to respondent for many years."

2.  The Requirements of Justice

We must freely give leave to amend a pleading when justice so requires.  See Rule 41(a).  Justice does not require leave to amend a pleading, however, when giving such leave will surprise and substantially disadvantage an adverse party.  See, e.g., Estate of Horvath v. Commissioner, 59 T.C. 551, 555 (1973).

3.  Discussion

Intervenor has failed to persuade us that justice requires us to grant him leave to make the amendment.  We have set forth supra in section II the elements necessary to sustain the defense of equitable recoupment.  Those elements involve facts well beyond those raised by petitioner's assignments of error in the petition.  They involve facts concerning other years of the partnership and items that are not partnership items.  For instance, nothing in the petition would alert respondent that payments of tax by the partners for their 1987 tax year might be placed in issue.  Many of the facts necessary to rebut the amendment were established well over 10 years ago, and, even if respondent was once in possession of evidence of those facts, intervenor has failed to show us that such evidence is readily available to respondent today.  Moreover, by the date respondent had obeyed our order to respond to the motion (August 4, 1999), the period for discovery had almost run.  See Rule 70(a)(2)

(discovery, including the filing of motions to compel discovery, shall be completed 45 days prior to trial). We have already denied intervenor's motion for a continuance.

4. Conclusion

Since respondent would be surprised and substantially disadvantaged were we to grant the motion, that is sufficient reason for us not to do so.

IV. Conclusion

Intervenor's motion for leave to file amendment to petition shall be denied.

An appropriate order will be issued.