T.C. Memo. 2000-265

UNITED STATES TAX COURT

JACO L.C., JAY A. ODOM, TAX MATTERS PARTNER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18412-99.                    Filed August 21, 2000.

<u>David D. Aughtry</u>, for petitioner.

<u>David R. MacKusick</u> and <u>Francis C. Mucciolo</u>, for respondent.

MEMORANDUM OPINION

PAJAK, <u>Special Trial Judge</u>:  This matter is before the Court
on respondent's Motion To Dismiss For Lack Of Jurisdiction And To
Strike with respect to refunds of overpayments to shareholders of
Jaco, L.C.

On September 30, 1999, respondent issued a notice of final
partnership administrative adjustment (FPAA) to the tax matters
partner for Jaco L.C., (the partnership), pertaining to the 1995
taxable year.  Jaco L.C. is a limited liability corporation under

Florida law, which is treated as a partnership for Federal tax purposes.

Jay A. Odom, the partnership's tax matters partner, filed a timely petition for readjustment with the Court. The petition, inter alia, contests the disallowance of a casualty loss deduction in the amount of $1,803,603, claims a greater casualty loss with a resulting overpayment, and prays that the Court redetermine that the shareholders of the partnership are entitled to refunds of the overpayment.

Respondent filed a motion to dismiss for lack of jurisdiction and to strike. Respondent contends that the Court lacks jurisdiction to determine that refunds of any overpayments are due to shareholders of the partnership. Respondent agrees that the Court may determine the casualty loss is greater than deducted on the partnership return and has jurisdiction over all partnership items. Respondent further states that a tax matters partner may bring a refund action with respect to partnership items only after an administrative adjustment is filed under section 6227 and not allowed by the Secretary. Sec. 6228(a). (Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue.) Respondent's position is that actions by partners for refunds attributable to partnership items are barred except as provided in sections 6228(b) or 6230(c). Sec. 7422(h). Respondent asks

that all references to claims for refund of overpayments to shareholders of the partnership be stricken.

Petitioner filed an objection to respondent's motion arguing that the motion should be denied on the grounds that respondent's motion was not timely filed and that the Tax Court has jurisdiction to determine the amount of any deficiency and to determine the amount of any overpayment in a TEFRA partnership proceeding under sections 6512(b)(1) and 6226(f).

This matter was called for hearing in Atlanta, Georgia. Counsel for both parties appeared at the hearing and presented oral argument with respect to the pending motion.

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The Court's jurisdiction may be challenged by either party, or by the Court sua sponte, at any stage of the proceedings. Smith v. Commissioner, 96 T.C. 10, 13-14 (1991), and cases cited therein. Consistent with this principle, we reject petitioner's assertion that respondent's motion to dismiss and to strike should be denied on the ground that it was not timely filed.

The Court's jurisdiction to review adjustments to a partnership return is governed by the unified partnership audit and litigation procedures set forth in sections 6221 through 6233. Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA),

Pub. L. 97-248, sec. 402(a), 96 Stat. 648. Pursuant to the TEFRA provisions, which apply with respect to all taxable years of a partnership beginning after September 3, 1982, the tax treatment of any partnership item generally is determined in a single proceeding at the partnership level. Sec. 6226(f); Sparks v. Commissioner, 87 T.C. 1279, 1284 (1986); Maxwell v. Commissioner, 87 T.C. 783, 789 (1986). Partnership items include each partner's proportionate share of the partnership's aggregate items of income, gain, loss, deduction, or credit. Sec. 6231(a)(3); sec. 301.6231(a)(3)-1(a)(1)(i), Proced. & Admin. Regs.

We must stress that our role in a TEFRA proceeding is limited by section 6226(f) to the determination and allocation of partnership items. Section 6226(f) provides:

> A court with which a petition is filed in accordance with this section shall have jurisdiction to determine all partnership items of the partnership for the partnership taxable year to which the notice of final partnership administrative adjustment relates, [and] the proper allocation of such items among the partners * * *

We have no authority under section 6226(f) to determine any affected item or the tax liability of any partner. Crop Associates-1986 v. Commissioner, 113 T.C. 198, 202 (1999); Crop Associates-1986 v. Commissioner, T.C. Memo. 2000-216.

An "affected item" means any item to the extent that such item is affected by a partnership item. Sec. 6231(a)(5); White v. Commissioner, 95 T.C. 209, 211 (1990). Section 6230(a)(2)

describes situations in which the deficiency procedures provided for in subchapter B, chapter 63, subtitle F of the Code will apply to deficiencies attributable to affected items.

This Court has held that in a partnership level proceeding we lack jurisdiction over issues relating to affected items. We further held that those issues are to be resolved in separate proceedings involving the partners after the partnership level proceeding has been completed either as a matter of computational adjustment or as the subject of subsequent notices of deficiencies to the partners pursuant to section 6230(a). N.C.F. Energy Partners v. Commissioner, 89 T.C. 741, 746 (1987). Petitioner in its Notice of Objection has conceded that correction of partnership items generates overpayments that are affected items within the meaning of section 6231(a)(5). We agree. For the foregoing reasons, we conclude that this Court does not have jurisdiction in this partnership level proceeding over affected items such as the alleged overpayments in question and the refund of such alleged overpayments.

We note that after the Tax Court enters its decision in this case and if it decides there is a casualty loss greater than that claimed on the partnership return and the allocation thereof, the statute contemplates that the individual partners should not have to file claims for refund. That is, in the case of any overpayments by a partner attributable to a partnership item or

an affected item, to the extent practicable credit or refund of such overpayment shall be allowed without any requirement that the partner file a claim therefor.  Sec. 6230(d)(5).  An individual partner may file a claim for refund under section 6230(c) if the Secretary fails to make a credit or refund in the amount of any overpayment attributable to the application to the partner of the decision of the Court.

Accordingly, we shall grant respondent's Motion To Dismiss For Lack Of Jurisdiction And To Strike with respect to refunds of overpayments to shareholders.

On the Court's own motion, we find that there are other portions of petitioner's petition which must be stricken because of a lack of jurisdiction.  The FPAA was accompanied by an explanation of examination changes which includes a statement that "Penalties or additions to tax under IRC 6662, which may be applicable at the investor level, are being recommended in the examination of the flow-through entity" and by an "Explanation of Affected Items" which states that "an addition to the tax is charged as provided by Section 6662(a)."  The petition includes allegations contesting the imposition of the accuracy-related penalty.

This Court previously has ruled that for 1995 (and 1996) this Court lacks jurisdiction over the accuracy-related penalty in a partnership-level proceeding and that the penalty may be

contested at the individual partner level following the completion of partnership-level proceedings. <u>Crystal Beach Dev. of Destin, Ltd. v. Commissioner</u>, T.C. Memo. 2000-170. We there explained that the part of the Taxpayer Relief Act of 1997, Pub. L. 105-34, section 1238(a), 111 Stat. 1026, which provides that penalties for negligence will be determined in partnership-level proceedings applies only prospectively for taxable years ending after August 5, 1997. Because of our lack of jurisdiction we shall strike from the petition all references to penalties/additions to tax.

To the extent that we have not addressed any of petitioner's arguments, we have considered them and find them to be without merit.

<u>An order will be issued granting respondent's motion and dismissing those parts of the case pertaining to claims for refund of overpayments to shareholders of the partnership and pertaining to the accuracy-related penalty under section 6662(a)</u>.