ROBINSON, District Judge,
dissenting.
I join the court’s opinion as to dismissal of Case No. 01-9010. I respectfully dissent as to the court’s opinion in Case No. 01-9009 and Case No. 01-9011.
The Tax Court had jurisdiction to enforce the Notices of Deficiency because there was not a “partnership item” at issue. The issue was whether the net operating loss carryovers in years 1991-1994 were a tax attribute of Taxpayer’s bankruptcy estate in whole or part, or whether Taxpayer was entitled to claim the total amount of these carryovers on his individual tax returns. This was a dispute between Taxpayer and the bankruptcy estate, and an issue personal to Taxpayer. Thus, the majority mischaracterizes the Commissioner’s “adjustments” to Taxpayer’s tax liability as a partnership or affected item. Although the Commissioner “adjusted” Taxpayer’s liability, it was an adjustment that was personal to Taxpayer and in no way affected the liability or Ells of the other partners in the partnership.
Had the net operating loss carryovers been a “partnership item,” the Tax Court would not have had jurisdiction, for the issue would have necessarily been resolved at a partnership-level proceeding. The Internal Revenue Code states that
The term “partnership item” means, with respect to a partnership, any item required to be taken into account for the partnership’s taxable year under any provision of subtitle A to the extent regulations prescribed by the Secretary provide that, for purposes of this subtitle, such item is more appropriately determined at the partnership level than at the partner level.
I.R.C. § 6231(a)(3).
The dispute between Taxpayer and the bankruptcy estate about their rights to claim the net operating loss carryovers in 1991-1994 is not an item that was required to be taken into account by the partnership, either in 1990, the year in which the partnership sustained the loss, or in the subsequent years 1991-1994. While the partnership was required to take into account the distributive shares of the partners in the loss sustained in 1990, the partnership was not required to take into account a single partner’s dispute with a third party over claiming the net operating loss carryovers generated by the loss.
Nor is this dispute between Taxpayer and his bankruptcy estate an item that is more appropriately determined at the partnership level than at the partner level. Partnership-level proceedings are generally required when there is a determination of an issue that affects the partners or *1130 partnership. A partnership-level proceeding is necessary to work out the competing, disputed or relative rights of the partners when those issues are dependent on or affect the rights of the other partners.[1]
In this case, there was no dispute about the amount of losses by the partnerships or about the partners’ relative shares of the partnership losses. Unlike several of the cases cited by the majority, there was no partnership-level proceeding pending because there was no dispute among or affecting the partners. Taxpayer and the partners do not dispute that the K-ls reflected the correct amounts of their respective distributive shares under the partnership. Whether or not the net operating loss carryover in this case is a tax attribute that benefits Taxpayer or the bankruptcy estate has absolutely no effect on Taxpayer’s partners.
The regulation promulgated by the Secretary to define partnership items, Treas. Reg. § 301.6231(a)(3) — 1, provides general categories of partnership items and is entitled to deference under Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984) and United States v. Mead Corp., 533 U.S. 218, 121 S.Ct. 2164, 150 L.Ed.2d 292 (2001). Examples of partnership items are the partnership and each partner’s share of: income, gain, loss, deduction and credit, exempt income, nondeductible expenses, partnership liabilities, determinations requiring the partnership’s books and records, contributions, distributions. Treas. Reg. § 301.6231(a)(3)-l(a) and (c). Partnership items also include the accounting practices and the legal and factual determinations that underlie the determination of amount, timing, and characterization of items of income, credit, gain, loss and deduction. Treas. Reg. § 301.6231(a)(3)-l(b). In fact, the hallmark of a partnership item is that it affects the distributive shares reported to other partners. Blonien v. Comm’r, 118 T.C. 541, 551-552 n. 6, 2002 WL 1298749 (U.S.Tax Ct.2002). In contrast, non-partnership items include items personal to the partner. See Hambrose Leasing 1984-5 Ltd. Partnership v. Comm’r, 99 T.C. 298, 1992 WL 210580 (U.S.Tax Ct.l992)(amounts that the partners have “at risk” with respect to partnership liabilities assumed under I.R.C. § 465); Crop Associates-1986 v. Comm’r, 113 T.C. No. 15 (U.S.Tax Ct.l999)(equitable recoupment).
Because the dispute between Taxpayer and his bankruptcy estate does not involve a partnership item, the Bankruptcy Regulation cited by the majority, Treas. Reg. § 301.6231(c)-7T(a), is inapplicable. The majority’s conclusion that the Bankruptcy Regulation has “general applicability” to bankrupt partners ignores the plain language of the regulation, which is limited to treatment of partnership items. Nothing in the Bankruptcy Regulation states that all determinations of whether the debtor or the bankruptcy estate has the benefit of certain attributes are partnership items. *1131 Nor does the Bankruptcy Regulation subject every issue to a partnership-level proceeding simply because a bankruptcy was filed. Thus, the applicability of the Bankruptcy Regulation to the particular facts in this case is irrelevant. Moreover, the Commissioner’s ruling was in error; there is no statutory or regulatory basis for his ruling that the filing of a bankruptcy operates to convert all items (whether partnership items or not) into “non-partnership items.”
Because the Bankruptcy Regulation does not apply in this case, the majority’s analysis of the last day the IRS could file a claim is of no consequence. Also of no consequence is the majority’s analysis that the Bankruptcy Regulation cannot be read to include the bankruptcy estate in the word “partner.” In fact, the majority is correct that “partner” does not include bankruptcy estate in its definition. The bankruptcy estate was not a partner. It did not sign a partnership agreement. It did not have a right to a distributive share. It was not in existence at the time of the partnership agreement. Whatever rights it has are by operation of bankruptcy law, and this is not a matter that can or should be resolved in a partnership-level proceeding.
The amount of the net operating loss carryovers is a given; the only dispute is how much of that amount is attributed to the benefit of Taxpayer and how much is attributed to the benefit of the bankruptcy estate. In fact, the majority makes the argument when they posit that:
To say that the allocation is not a partnership item is to confuse the process with the result. The statute requires partnership level proceedings if a partnership item is being challenged. The partnership item is, of course, the result of the allocation of the partnership’s income, losses, etc; but the allocation process itself is not a partnership item.
Majority opinion at 1129 (emphasis in the original).
What is at issue here is the allocation process between Taxpayer and his bankruptcy estate. The “allocation of the partnership’s income, losses, etc,” is not at issue. The partnership’s income and losses have been allocated, resulting in partnership items, that is, the relative allocation between the partners. But Taxpayer does not dispute the partnership items. Taxpayer does not dispute the losses attributed to his share of the partnership, nor does the Commissioner dispute the losses attributed to Taxpayer’s share of the partnership. Taxpayer and the Commissioner dispute the allocation process of an undisputed amount of loss and net operating loss carryovers, as between Taxpayer and a third party, the bankruptcy estate. This is not a matter to be determined at the partnership level — it is a matter of bankruptcy law, with no effect or consequence on the partnership or the other partners.[2]
*1132 For these reasons, I would affirm the decision of the Tax Court.

. Nor is the issue in this case an "affected item” within the meaning of I.R.C. § 6231(a)(5), which is defined as "any item to the extent such item is affected by a partnership item.” Treas. Reg. § 301.6231(a)(5)-1(a) includes as affected items those "unrelated to the items reflected on the partnership return.” To be sure, the Taxpayer’s tax liability is affected by a determination that the net operating losses are wholly or partially a tax attribute belonging to the bankruptcy estate. But, "affected items” are items that require adjustment after and as a consequence of a determination that is necessarily made in a partnership-level proceeding. Affected items include computational adjustments to a partner’s tax liability, after a partnership proceeding results in a change in a partnership item. Examples of affected items include a partner's basis in the partnership and penalty, addition to tax or additional amount. Treas. Reg. § 301.6231(a)(5) — 1(b) and (e).

. Although not controlling, I find persuasive the reasoning of Doe v. Comm’r, 116 F.3d 1489, 1997 WL 355357 (10th Cir. June 2, 1997) (unpublished). See 10th Cir. R. 36.3(B). The court in Doe concluded that the Tax Court had jurisdiction to assess certain deficiencies at the individual level in a proceeding involving a subchapter S corporation, which, like a partnership, is taxed through individual shareholders. The court noted that if the Commissioner's determination of a deficiency owed by an individual taxpayer is based upon information set forth in the original partnership or shareholder return rather than on the Commissioner’s own investigation, re-calculation and re-determination of a partnership item or subchapter S item, then the Tax Court retains jurisdiction to adjudicate the deficiency in an individual proceeding, because there is no "adjustment” to the entity's return and thus no need to follow the entity-level procedures. Doe, 1997 WL 355357, at *6-10.